Ex. B

## ANTE-NUPTIAL AGREEMENT

**THIS ANTE-NUPTIAL AGREEMENT** is made and entered into this 14th day of June, 2004, by and between Robert Kozlowski, of Fort Wayne, Indiana, (hereinafter called "Bob"), and Susan Horwitz, of Fort Wayne, Indiana, (hereinafter called "Susan").

### WITNESSETH:

WHEREAS, the parties to this Agreement contemplate marriage to each other on or about June 15, 2004; and

WHEREAS, in anticipation of the marriage to each other, the parties desire to fix and determine by this Ante-Nuptial Agreement, the rights and claims that will accrue to each of them and their respective children, if any, in the estate and property of the other by reason of the marriage, and to accept the provisions of this Agreement in lieu of and in full disclosure, discharge, settlement and satisfaction of all such rights and claims, should the marriage relationship terminate by death or other legal proceedings; and

WHEREAS, each of the parties own individually, real and personal property, both tangible and intangible, and have various sources of income, and liabilities, the full nature and extent of said property, and liabilities having been disclosed to the other, such assets, and liabilities being generally detailed in the attached Exhibit "A" for Bob and which each represents to be a substantially accurate disclosure; and

WHEREAS, Bob has one son who is the issue of a former marriage; and

WHEREAS, Susan has two children who are the issue of a former marriage; and

WHEREAS, each party by reason of such prior marriage has formulated certain plans relating to the disposition of his or her property in the event of death, and the parties desire that their marriage shall not substantially change such plans, and that each party desires that a dissolution of their marriage shall not substantially change such plans; and

WHEREAS, each of the parties desire that the marriage shall not in any way change their legal rights, or that of their children and heirs, and the property of each of them, except as otherwise provided in this Agreement, or as otherwise mutually changed, after the contemplated marriage, by agreement of the parties, and each party desires that his or her respective property, both real and personal, shall pass to his or her respective children or designated; and

WHEREAS, the parties desire and intend to define their respective rights in the property of the other, both during the marriage relationship and after it's termination, and to avoid such interest which, except for the operation of this Agreement, each might acquire in the property of the other as incidents of their marriage relationship; and

-2-

WHEREAS, it is the desire to each of the parties hereto that they abide by the following:

A. That all property now owned by each of them shall remain the separate property of said person, so that each is free to manage, control, dispose, devise and bequeath such property to whomever such person desires, free of any claim of the other party to this Agreement except as hereafter set out.

B. That any property hereafter acquired by either party shall pass as such party shall desire, free of the claim of the other party and that may arise by reason of the contemplated marriage, including any right which each might have to any property of the other by virtue of intestacy statutes of the state in which the parties live, which grants allowances to the surviving spouses.

C. That if any property is acquired by the parties after their marriage, which is acquired as tenants by the entireties, or in joint tenancy with right of survivorship in the survivor of either party, the parties shall intend such property so acquired to pass to the survivor.

D. That if either party makes a gift of any assets to the other party, the other party shall own such asset.

NOW THEREFORE, in consideration of the contemplated marriage of the parties, and in consideration of the reasons recited above, and in further consideration of the premises and the mutual promises and undertakings and covenants contained herein and hereinafter set forth, the parties mutually agree as follows:

1. <u>Disclosure of Property</u>.

A full and complete disclosure of all property owned by the parties, both real and personal, tangible and intangible, has been made to each other, and schedules of the respective property of each party, together with the estimated fair market values, are attached hereto as Exhibit "A" for Bob and Exhibit "B" for Susan, each which represents a substantially accurate disclosure, and which are hereby incorporated herein by reference.

2. <u>Property to be Separately Owned</u>.

Except as herein otherwise provided, the property owned by each party at the time of the marriage contemplated herein shall remain the separate property of each party, and each party shall separately retain all rights in his or her own property, whether now owned or hereafter acquired by purchase, gift, inheritance or otherwise, including all interests, rents, profits and increases in value which may in time accrue or may result in any manner, together with any property which they may have omitted inadvertently from the exhibits attached hereto. All of such property which is held in the individual name of each party, shall be owned as the "separate property" of each party during the marriage, including any other property or interest in property owned by either party. Each party hereby waives, discharges, and releases all right, title and interest in and to the property of the other now owned, hereafter acquired, or acquired from the proceeds of any property now owned.

-3-

Each party shall have the absolute and unrestricted right to manage, control, dispose of, or otherwise deal with such separate property during the marriage and during his or her life, in any manner, or otherwise deal with such separate property free from any claim that may be made by the other by reason of their marriage, and with the same effect as if no marriage had been consummated between them. This right shall include the right to dispose of the property in any manner including, but not limited to a gift, sale, transfer or otherwise, or by will, trust, or other testamentary disposition, free of any claim that may be made by the other party by reason of the marriage, and with the same effect as if no marriage had been consummated between them.

3. Waiver of Rights.

The parties agree that neither shall have any right, claim, title, benefit, estate or inheritance with respect to the other, either during the lives of either party or both such parties or upon the death of either or both such parties, except as either or both shall hereafter expressly provide by a valid Last Will and Testament or Trust in effect except as provided herein by waiver and subject to probate at the time of their respective deaths. The parties further agree that all real and/or personal property and the proceeds thereof by sale or the encumbrancing of such property, and the property acquired with such proceeds, whether owned by either of the parties, prior to or subsequent to the contemplated marriage of the parties and all income, interest, rents, profits and increases in value which may in time accrue or result in any manner, shall remain and be the separate property of that party and subject entirely to his or her individual control the same as if he or she were not married, except as provided herein. Each party hereby waives, discharges and releases all rights, title and interest whatsoever he or she may acquire in the separate property of the other, described herein, and hereinafter acquired, and held in the individual names of the parties either as surviving spouse, heir or distributee in the estate of the other, including any and all right of intestacy whether by common law or statute, state or federal, now in effect or hereinafter enacted in any jurisdiction, including the right to elect against the Will, statutory widow or widower's allowance and statutory family allowance in or to the property, real, personal, intangible, tangible or mixed, life insurance or distributive shares or otherwise of the other party. Each party shall on the demand of the other party, or their heirs, devisees, personal representatives, executors, administrators, and assigns, execute any and all releases, deeds, instruments, receipts and other documents that may be necessary to accomplish the foregoing. This provision shall constitute a waiver and release of the right of the election which either spouse may have by reason of the laws of the State of Indiana, or like or similar laws of any jurisdiction.

Each party hereby further waives and releases all right that he or she may acquire in the property of the other in any employment, benefit, in any IRA account, group life insurance, pension, profit sharing, disability income, medical payment and stock and/or bond purchase and savings plan of the other, including any life insurance and health insurance policy of the other, and including any checking or savings account in each party's own name.

4. Death of a Party.

Each party hereby waives and releases any and all rights and claims of any kind, nature and description that either may acquire or have as a surviving spouse, excepting for any claims arising

-4-

pursuant to this Agreement. Each party further waives and releases any and all right of election under Indiana laws to an intestate share in the estate of the other and of the right to a survivor's allowance, all pursuant to Indiana law and any law amendatory thereof or supplementary or similar thereto, or the same or similar law of any other jurisdiction. Nothing in this Agreement shall prevent Bob or Susan in the Last Will and Testament or Trust of either party to provide for the surviving spouse. In the event either party provides for the other in their Last Will and Testament or Trust, it is the intention and agreement of the parties hereto, that said surviving spouse shall be entitled to the property devised to said surviving spouse in the Last Will and Testament or Trust of the deceased spouse. At this time the parties intend to live in a home on real estate owned by Bob. In the event of the death of Bob, Susan shall have the right to occupy the marital home on said real estate for a period of twelve months (12) from the date of Bob's death. Susan shall also have all the furniture that he brought into the marriage and enough other furniture from the home to furnish an apartment for Susan. Each of the parties hereto have made their own arrangements for payment of funeral expenses and such expense shall not be the obligation of the surviving spouse.

It is further agreed by Bob and Susan that upon the death of Bob, Susan shall receive the sum of Fifty Thousand Dollars ($50,000.00) per annum for and during her natural lifetime, and Bob agrees to make such provisions in his Estate Plan and bind his Trustees and personal Representatives to this provision of this Ante-Nuptial Agreement.

## 5. Dissolution of Marriage or Legal Separation.

In the event of a dissolution of the marriage, or a legal separation, the parties agree to the following:

A. Bob agrees to accept in full and final settlement and satisfaction of the rights that he may have whether by way of a division of the property of the parties, or by way of maintenance, support, alimony or otherwise, the following:

(1) All the separate property of Bob whether acquired before or during the marriage to Susan and all interest accruing thereon, and whether acquired by gift, purchase, employment, inheritance or otherwise, and any increase in value attributable to such property.

(2) One-half (1/2) of all jointly held property acquired by the parties during the marriage, by purchase, or gift, subject to the one-half (1/2) of all the indebtedness thereon, including without limitation, mortgages and taxes. The parties agree, that in the event of a dissolution of the marriage or legal separation, to immediately sell said jointly held and jointly acquired property, to carry out the terms of this Agreement, unless the parties agree to transfer such property in kind to the other, and to carry out the terms of this Agreement.

B. Susan agrees to accept in full and final settlement and satisfaction all the rights that she may have whether by way of a division of the property of the parties, and/or by way of maintenance, support, alimony or otherwise, the following:

-5-

(1) All the separate property of Susan, whether acquired before or during the marriage to Bob, and all interest accruing thereon, and whether acquired by gift, purchase, employment, inheritance or otherwise, and any increase in value attributable to such property.

(2) One-half (1/2) of all jointly held property acquired by the parties during the marriage, by purchase, or gift, subject to one-half (1/2) of all the indebtedness thereon, including without limitation, mortgages and taxes. The parties agree, that in the event of a dissolution of marriage or legal separation, to immediately sell same jointly held and jointly acquired property, to carry out the terms of this Agreement, unless the parties agree to transfer such property in kind to the other, to carry our the terms of this Agreement.

(3) Bob agrees to pay the sum of Fifty Thousand Dollars ($50,000.00) annually to Susan as long as she remains unmarried.

6. Subsequent Acquisition of Property and Joint Ownership.

Notwithstanding any of the above, this Agreement does not preclude the parties from making gifts to each other, from designating the other as beneficiary upon any policy of insurance, or from providing a widow's or widower's allowance for the other, from bequeathing or devising property under a Trust, Will or Codicil to the other or from hereinafter acquiring property in the joint names of each other, with full rights of survivorship in the other. However, each of the parties declare that there has been no promise or agreement of either of the parties that one party will give property to the other, leave property to the other under a Trust, Will or Codicil, or by beneficiary designation upon insurance policies, or by purchasing assets in joint title, with rights of survivorship in the other. In the event either party makes a gift to the other of any property or cash, it is intended that it shall remain the separate property of the other. Further, in the event the parties do acquire property in tenancy by the entirety or joint title with rights of survivorship in the other, the parties agree as follows:

A. Any such property jointly acquired or accumulated during the marriage shall pass and become the property of the survivor. Any such property so jointly acquired shall be placed in the joint names of the parties, and any such property that shall appear in the joint parties' names shall be deemed to have been jointly acquired during the marriage, and any such certificate of title showing joint ownership of such property or any document which shall show joint ownership of such property shall be deemed to be jointly owned between the parties, with right of survivorship. In the event the parties jointly acquire any personal property which does not have a title or registration, such as furniture, for example, the parties shall so designate their intention to create joint ownership by placing their joint names on any sales document for such item, whether purchased by cash or by credit.

B. Each party agrees that each shall reserve the right to designate beneficiaries of their choice as the beneficiaries of all their respective life insurance, IRA accounts, retirement accounts and any other employment benefit accounts.

-6-

### 7. Agreement to Join in Execution of Other Instruments.

Both parties covenant that they shall willingly, at the request of either party, or his or her successors or assigns, execute, deliver and properly acknowledge whatever additional instruments may be required to carry out the intention of this Agreement, and shall execute, deliver, and properly acknowledge any deeds or other documents in order that the good and marketable title to any property can be conveyed by one party free from any claim of the other party.

### 8. Responsibility to Children.

Bob during his lifetime shall have no responsibility from his estate or obligation whatsoever for the support of any now living child or children of Susan or the issue of any such child or children of Susan and Susan during her lifetime shall have no responsibility from her estate or obligation whatsoever for the support of any now living child of Bob or the issue of any such child of Bob.

### 9. Responsibility to Support and Payment of all Medical and Hospital Bills and Long-term Nursing Home Expenses.

Each party has adequate income and independent means of support and waives the right of support from the other. Each party agrees to pay all medical, hospital, and nursing home or other long-term care expenses from their own personal estate and such like expenses shall not be the obligation of the other spouse, except Bob shall have the right to provide such medical and hospital insurance through his employment for Susan.

### 10. Income.

Each party agrees that all income earned by either party shall be and remain the separate property of said party, and the other party shall have no right or claim thereto.

### 11. Inheritance.

Each party agrees that the inheritance, if any, received by either party either before or during the marriage, shall be and remain the sole assets and property of the party so inheriting, free and clear of any right or claim of the other party.

### 12. Additional Covenants and Agreements.

A. With respect to the separate property of the parties, if requested, each party shall join in such conveyances, transfers and documents as may be required to transfer such property.

B. Except as herein provided, neither party is required to make provisions for the other party unless voluntarily made.

-7-

C. During the marriage of the parties, consistent with their financial ability, each party shall contribute to the reasonable family expenses incurred. However, each party shall be responsible for his or her own income tax liability, whether or not the parties file a joint income tax return, prorate, according to each party's percentage of income and each party shall share in a refund from a joint income tax return, prorate, according to each party's percentage of income.

D. Each party agrees to be solely responsible for his or her own debts, whether acquired and incurred before, during or after the marriage of the parties, and at this time, and the parties further agree to indemnify and hold harmless the other party from any liability for such debts. However, the parties agree to be jointly responsible for any debts acquired jointly by the parties during the marriage. Each party further agrees not to change or incur any debt, encumbrance or liability in the name of the other party, but this shall not prevent either party from voluntarily assuming any debt for the other party.

E. This Agreement shall take effect only upon the solemnization of the marriage now contemplated by and between the parties hereto.

## 13. Voluntary Execution of Agreement.

Each of the parties acknowledge that each has entered into this Agreement without coercion, duress or under influence. Each party acknowledges that he or she has been represented by separate legal counsel, and has been advised of his or her right to be represented by separate legal counsel, in the draft and review of this Agreement, before either party has signed said Agreement. Each party has been represented by independent counsel in the negotiation of this Agreement, and the counsel representing each party was of their own choosing, and that the Agreement has been read by the parties and has been fully explained to them by their own attorney as to the meaning and legal consequences. Each of the parties further acknowledge that the other has fully informed him or her of his or her assets; that her or she has informed him or her in detail concerning his or her net worth; that he or she has ascertained and weighed all of the facts, conditions and circumstances likely to influence his or her judgment herein; that all matters embodied herein as well as all questions pertinent thereto, have been fully and satisfactorily explained to him or her; that he or she has given due consideration to such matters and questions; that he or she clearly understands and consents to all of the provisions of this Agreement. Each party further states that he and she believe that the arrangements and agreements made herein are fair and equitable, that each party clearly consents to all of the provision hereof, that each party wishes to be bound by these provision, and that each party is entering into this Agreement freely, voluntarily, and with sufficient knowledge and understanding. It is a fact that Bob had his attorney, John C. Thrapp, draft this Ante-Nuptial Agreement and that he has approved the provisions contained herein. As above set out Susan has the right to have her attorney examine this document and explain the provisions thereof and if Susan does not engage an attorney for this purpose then Susan acknowledges that she understands each and every provision contained herein and voluntarily waives being represented by an attorney.

-8-

14. Miscellaneous.

A. Each of the parties further agree that they are also aware of all rights, but for this Agreement, which would be conferred by law upon each of them, and the property or estate of the other, by virtue of the consummation of said contemplated marriage, and the rights of the respective parties hereto in and to each other's property or estate, but nevertheless each party agrees that all of such rights shall be determined, fixed and settled by this Agreement, and not otherwise.

B. This Agreement and the provisions hereof may be asserted as a bar and estoppel in all courts of law or equity to the claims of either party. The parties may, by mutual agreement, reduced to writing, amend, revoke or rescind this Agreement.

C. The parties agree that this Agreement shall inure to the benefit of and shall be binding upon the heirs, executors, administrators, personal representatives, trustees, guardians and assigns of the parties hereto.

D. This Agreement contains the entire understanding of the parties. No representations, warranties, promises, covenants, undertakings, oral or otherwise, other than those expressly set forth herein, shall be binding, all such matters being merged herein.

E. The laws of the State of Indiana shall govern the construction and interpretation of this Agreement. If the parties change their domicile to another jurisdiction, they shall consult with an attorney conversant with the law of such new jurisdiction and shall amend this Agreement, if necessary, so as to coordinate as nearly as possible the intention of this Agreement with the law of the new jurisdiction.

F. In case any one or more of the provisions contained in this Agreement shall for any reason be held to be invalid, illegal, void, or unenforceable in any respect, the remainder of the provisions shall remain in full force and effect, and this Agreement shall be construed as if such invalid, illegal, void, or unenforceable provision has never been contained herein.

G. This Agreement is entered into in consideration of the marriage contemplated herein, and it's effectiveness is expressly conditioned on such marriage between the parties actually taking place. If, for any reason the marriage does not occur, this Agreement shall be of no force or effect.

H. This Agreement shall take effect upon the solemnization of the marriage now contemplated by the parties.

I. No waiver, modification, or cancellation of this Agreement, or any part thereof, shall be effective unless signed and acknowledged by both parties.

J. The title to the paragraphs in this Agreement are inserted for convenience only and are not intended to be utilized to interrupt or construe the terms of such paragraph.

Nov-30-09 11:12A THRAPP & THRAPP                2193472053                    P.10

-9-

### 15. Acknowledgment of Representation by Counsel.

The parties acknowledge that they have each had independent legal counsel of his and her own choosing or the opportunity to consult with independent legal counsel of his or her own choosing prior to the execution of this Agreement and each acknowledges that they have been fully informed of all the rights and liabilities pertaining to the Agreement. Each acknowledges they have executed this agreement after having read this Agreement line by line. The parties execute the Agreement freely and voluntarily, and accept the terms, conditions and provisions hereof and state that the execution by each of them of the Agreement is free from any coercion whatsoever. There are no promises, agreements, terms of understandings extrinsic to this Agreement except as otherwise specifically set forth herein, and no oral statement or prior written matter shall have any force or effect except as otherwise set forth herein.

IN WITNESS WHEREOF, the parties have signed this Ante-Nuptial Agreement on the 14th day of June, 2004.

_____         _____
Robert Kozlowski                  Susan Horwitz


**STATE OF INDIANA**      )
                          )  SS:
**COUNTY OF NOBLE**       )

Before me, the undersigned, a Notary Public, in and for County and State this 14th day of June, 2004, personally appeared Robert Kozlowski a competent adult, and acknowledged the execution of the foregoing Ante-Nuptial Agreement for the purposes contained therein.

IN WITNESS WHEREOF, I have hereunto subscribed my name and affixed my official seal.

_____
John C. Thrapp, Notary Public
Resident of Noble County, Indiana

My Commission Expires:

May 25, 2009

-10-

STATE OF INDIANA      )
                      )   SS:
COUNTY OF NOBLE       )

Before me, the undersigned, a Notary Public, in and for County and State this 14th day of June, 2004, personally appeared Susan Horwitz, a competent adult, and acknowledged the execution of the foregoing Ante-Nuptial Agreement for the purposes contained therein.

IN WITNESS WHEREOF, I have hereunto subscribed my name and affixed my official seal.

My Commission Expires:

_____
John C Thrapp, Notary Public
Resident of Noble County, Indiana

May 25, 2009

### STATEMENT OF ATTORNEY

The undersigned states that he is the attorney for Robert Kozlowski he has explained each of the provisions of the foregoing Ante-Nuptial Agreement to Robert Kozlowski and that, as his attorney, he has had a full opportunity to explain to Robert Kozlowski the rights under present Indiana law which he is waiving, either at death or at termination of the marriage for reasons other than death, if he signs the foregoing Ante-Nuptial Agreement.

_____
John C Thrapp

Dated: June 14, 2004

### WAIVER OF ATTORNEY

I hereby voluntarily waive my right to consult with an independent attorney and state I understand the terms of this Ante-Nuptial Agreement.

_____
Susan Horwitz

Dated: June 14, 2004

-11-

## EXHIBIT "A"
### LIST OF ASSETS, ESTIMATED VALUE AND DEBTS OF
### ROBERT KOZLOWSKI

See ATTACHED Exh. "A"

Examined by me this 14th day of June, 2004

_Susan Horwitz_

This instrument was prepared by: John C Thrapp, Atty. #1269-57, 116 West Mitchell St., Kendallville, Indiana 46755 (260) 347-0756

JUN-03-10 02:48P THRAPP & THRAPP          2193472053          P.02

Exh. "A"

## ASSET LISTING BOB KOZLOWSKI
### 6/13/2004

| ASSET | ACCT. # | APPROX. VALUE |
|---|---|---|
| Baird Financial | 4865-6942 | 4,815,000 |
| Janney Montgomery Scott | 4920-9405 | 1,444,918 |
| | 4920-9388 | 999,008 |
| IRA | 4921-1785 | 28,862 |
| Dekko Financial | BQ7-306320 | 544,865 |
| IRA | BQ7-910503 | 321,759 |
| Group Dekko Stock | | 2,000,000 |

**Property Listing**

12311 Autumn Breeze Drive
Ft. Wayne, IN 46845                     350,000

500 Lane 205
Jimmerson Lake
Angola, IN 46703                        350,000

Unit #909
Mar Del Plata
6423 Collins Ave.
Miami Beach, FL 33141                   190,000

#634, 636, 638B, 638, 640
East North St.
Kendallville, In 46755                  275,000

129 +/- acre Farm
1000 N and School House Rd              300,000
Kendallville, IN 46755

Exhibit A - Antenuptial Agreement