IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| STEVEN ROBERT KOZLOWSKI<br>Plaintiff, | ) ) ) | CASE NO. 1:10-cv-1538 RLY-TAB |
| vs. | ) ) ) | |
| SUSAN M. KOZLOWSKI,<br>Defendant. | ) ) | |

## MOTION TO DISMISS

Defendant, Susan M. Kozlowski, ("Susan" or Mrs. Kozlowski"), by counsel, for her Motion to Dismiss the Complaint against her filed by the Plaintiff, Steven Robert Kozlowski ("Steven"), alleges and states:

1. On February 23, 2010, Steven filed a "Verified Complaint to Contest Will" against Susan in her individual capacity and in her capacity as the Personal Representative of the Estate of Robert Kozlowski, Deceased, in the Boone Superior Court No. 1, now pending as Estate Docket Case No. 06D01-0911-EU-131. The Last Will and Testament of Robert Kozlowski was admitted to probate in the Boone Superior Court (Estate Docket Case No. 06D01-0911-EU-131) on November 19, 2009. A true and correct copy of the Complaint to Contest Will ("Will Contest Action") is attached as <u>Exhibit A</u> to Susan's Motion to Dismiss this action. These same allegations are also set forth in paragraph 83 of the Complaint in this action [Dkt. 1].

2. This action was filed on November 29, 2010, more than a year after Robert Kozlowski's will was admitted to probate and more than nine months after Steven filled the Will Contest Action. This action was purportedly filed to bring a claim for "tortious interference

with an inheritance." *See* Dkt.1, Complaint at paragraphs 87-94.

3. Both Steven and Susan are parties in the Will Contest and in this action.[1]

4. The operative facts plead by Steven in the Will Contest and this action are substantially the same. A comparison of the two complaints is attached as <u>Exhibit B</u> to the Motion.

5. The subject matter of the Will Contest and this action concern the Last Will and Testament of Robert Kozlowski, a codicil to the will and a prenuptial agreement between Susan and Robert. Steven contends in both actions that he should have inherited substantially all of his father's assets, whether those assets passed pursuant to a will or outside probate. A substantial part of Steven's claims rest on his contention that the April 2007 Will admitted to probate was obtained by the undue influence of Susan, and that an earlier will should be probated or that Robert should be declared to have died intestate. *See* Exhibit B, and specifically, *e.g.*, the relief requested and of paragraphs 43, 49, 50 in the Will Contest Action as compared to the relief requested and paragraphs 58, 63, 64, respectively, in this action.

6. In both actions, the court is asked to adjudicate the respective rights and entitlements of Susan and Steven to the assets of Robert. Both actions ask the court to award Steven all or substantially all of Robert's assets, and thus each court is called upon to grant substantially the same relief as to the same property.[2]

7. The adjudication of one case will have a substantial and direct affect on the adjudication of the other. There is a risk that two courts may reach conflicting results or that one

---

[1] Susan's children, Jessica Horwitz and Zachary Horwitz are also named as defendants in the Will Contest to answer for any interest they may have in the Estate of Robert Kozlowski.

[2] The property at issue includes real estate and specific tangible personal property as well as accounts and money. Steven seeks the property in one case, and money damages equal to the value of the property in the other, but in both cases seeks to have the 2007 Will and Codicil set aside.

2

court may award the same property to two different individuals.

8.  The legal and policy reasons why this case should be dismissed are set forth in greater detail in Susan's Memorandum of Law being filed contemporaneously in support of this Motion.

WHEREFORE, Defendant, Susan M. Kozlowski, by counsel, moves that the Complaint against her filed by the Plaintiff, Steven Robert Kozlowski be dismissed, with prejudice, and that she be granted all other reasonable and just relief.

Respectfully submitted,

/s/ Judy L. Woods
Judy L. Woods (Atty. No. 11705-49)

Attorney for Susan M. Kozlowski

BOSE McKINNEY & EVANS LLP
111 Monument Circle, Suite 2700
Indianapolis, IN 46204
(317) 684-5000
(317) 684-5173 fax
jwoods@boselaw.com

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing has been served upon the following counsel of record via the Court's electronic filing system this 25th of January, 2011.

| | |
|---|---|
| Richard D. Hailey | Rich@rameyandhaileylaw.com |
| Justin W. Leverton | Justin@rameyandhaileylaw.com |
| RAMEY & HAILEY | |
| 9333 N. Meridian Street, Suite 105 | |
| Indianapolis, IN 46260 | |

/s/ Judy L. Woods
Judy L. Woods