IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| STEVEN ROBERT KOZLOWSKI | ) | CASE NO. 1:10-cv-1538 RLY-TAB |
|---|---|---|
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| SUSAN M. KOZLOWSKI, | ) | |
| Defendant. | ) | |

## MEMORANDUM IN SUPPORT OF MOTION TO DISMISS

Defendant, Susan M. Kozlowski, ("Susan" or Mrs. Kozlowski"), by counsel, for her Memorandum of Law in Support of her Motion to Dismiss the Complaint against her filed by the Plaintiff, Steven Robert Kozlowski ("Steven"), alleges and states:

### I.
### RELEVANT FACTS AND PROCEDURAL BACKGROUND

As alleged in paragraph 83 of the Complaint [Dkt. 1] in this federal court action, on February 23, 2010, Plaintiff Steven Kozlowski filed a "Verified Complaint to Contest Will" against Susan in her individual capacity and in her capacity as the Personal Representative of the Estate of Robert C. Kozlowski, Deceased, in the Boone Superior Court No. 1, now pending as Estate Docket Case No. 06D01-0911-EU-131 (referred to as the "Will Contest Action" or the State Court Action"). The Last Will and Testament of Robert Kozlowski was admitted to probate in the Boone Superior Court (Estate Docket Case No. 06D01-0911-EU-131) on November 19, 2009. A true and correct copy of the Complaint to Contest Will is attached as Exhibit A to Susan's Motion to Dismiss this action.

This case (the "Federal Court Action") was filed on November 29, 2010, more than a year after Robert Kozlowski's will was admitted to probate and more than nine months after

Steven filled the Will Contest Action in the Indiana state court. This action was purportedly filed to bring a claim for "tortious interference with an inheritance" (*see* Dkt.1, Complaint at paragraphs 87-94), but comes long after the deadline for bring such claims in Indiana. *See* Ind. Code § 29-1-7-17 (limiting time to contest a will to three months after the will is admitted to probate).

The primary dispute in both cases concerns Steven's contention that he should receive substantially all of Robert's assets and Steven's claims regarding the validity and enforcement of certain documents including a will, a codicil to that will, and earlier will and a prenuptial agreement that all address disposition of Robert's assets. Whether the property at issue passes to Steven or Susan (and to what extent) according to one of the wills, the codicil, the prenuptial agreement or the laws of intestate succession is disputed, but the same property is at issue in the Will Contest Action and this Federal Court Action.

Steven and Susan are parties in both the Will Contest Action and in this action.[1] The operative facts plead by Steven in the Will Contest Action and this action are substantially the same. A comparison of the two complaints is attached as Exhibit B to the Motion. In both actions, the court is asked to adjudicate the respective rights and entitlements of Susan and Steven to the assets of Robert. The same property or "res" is at issue in both actions.

The relief sought in the two actions is also substantially the same.[2] Both actions ask the court to award Steven all or substantially all of Robert's assets. *See* Exhibit B. The adjudication of one case will have a substantial and direct affect on the adjudication of the other.

---

[1] Susan's children, Jessica Horwitz and Zachary Horwitz are also named as defendants in the Will Contest Action to answer for any interest they may have in the Estate of Robert Kozlowski.

[2] Steven seeks primarily money damages in this action, but seeks the value of all his father's assets in the Will Contest Action.

This action was filed on the basis of diversity of citizenship (28 U.S.C. § 1332), and concerns questions of Indiana state law. No Constitutional or federal questions are presented to the court in this action. Rather the question is whether, under Indiana law, an heir may bring a claim for tortious interference with an inheritance in addition to or as a substitute for a will contest in the probate of a deceased person's estate. *See* Dkt. 1 at para. 1. The prerequisites for a diversity action (complete diversity among the parties and amount in controversy; 28 U.S.C. § 1332) are not disputed. Nor is there any dispute that Indiana substantive law supplies the rules of decision for this dispute.

## II.

## ARGUMENT

### A. INDIANA LAW DOES NOT PERMIT STEVEN'S INDEPENDENT TORT CLAIM.

#### 1. Indiana Law Requires Steven to Bring His Claim for Tortious Interference with an Inheritance in the Pending Probate Proceeding.

*Minton v. Sackett*, 671 N.E.2d 160, 162 (Ind. App. 1996),[3] was (and only) the first Indiana case to address the tort of intentional interference with an inheritance.[4] No Indiana court has disturbed the holding in *Minton*, and it remains unchallenged in Indiana. In *Minton*, the

---

[3] In *Minton*, the plaintiff, Suzanne Sackett, brought an action against her brother, James Minton, regarding the division and distribution of their deceased mother's probate and non probate assets. Minton commenced a state court action to probate the mother's will. Suzanne contested the probate of the will through a will contest action, an objection to probate of the will and claims in the estate alleging (*inter alia*) breach of contract with respect to an anticipated devise, undue influence over the execution of the mother's will and fraud. A second complaint for damages was filed by Suzanne based on her tort claims. 671 N.E.2d at 161.

[4] Minton argued that three Indiana cases recognize intentional interference with an inheritance as "wrongful conduct" for which an equitable relief may be granted, even if no Indiana case before Minton's addressed whether the claim for interference may be asserted as tort claim for damages. *See Ransdel v. Moore*, 153 Ind. 393, 53 N.E. 767 (1899); *Newsom v. Estate of Haythorn*, 125 Ind.App. 276, 122 N.E.2d 149 (1954); *Thomas v. Briggs*, 98 Ind.App. 352, 189 N.E. 389 (1934). Even today, it appears that *Minton*, is the only case to address a tort claim for damages based on intentional interference with an inheritance, and it held the plaintiff could not bring such a claim as a separate action, but must assert the claim in the pending probate case. 671 N.E.2d at 163.

3

Indiana court held that "the remedies available under the will contest adequately provide for the damages sought in [the plaintiff's tort] complaint. The will contest provides an opportunity for [the plaintiff] to receive both consequential and compensatory damages..." The Court of Appeals held that the trial court properly granted summary judgment against [the plaintiff] in her tort action, noting that [she] had an adequate opportunity to pursue relief for her claim of tortious interference with an inheritance in a will contest in the probate court and that claims of fraud and undue influence were made in both cases. "We cannot allow [the plaintiff] a second bite at the apple by allowing her to seek the same type of damages in a tort action." 671 N.E.2d at 163.[5]

In *Minton,* the plaintiff argued that three Indiana cases supported her claim for tortious interference with an inheritance. The *Minton* Court did not agree, and those cases do not establish a basis for the tort claim in Indiana. *Ransdel v. Moore,* 153 Ind. 393, 53 N.E. 767 (1899), involved a husband's promise to his dying wife that he would distribute certain property to the wife's brothers. Before the husband could carry out his wife's wishes, he also died. The couple's children then refused to convey the property to the wife's brothers. 53 N.E. at 767. The brothers then brought a civil action to impose a trust on the property and convey it to them. Significantly, the brothers had no will contest remedy because they were beneficiaries of any will or not intestate heirs of the husband, whose promise they sought to enforce. The *Ransdel* court does not recognize a separate tort action for interference with an inheritance.

---

[5] The *Minton* court further rejected the idea that a claim for punitive damages was a valid expectancy in a will contest or claim of tortious interference with an inheritance because a "plaintiff can only expect to receive the amount he or she would have received had it not been for another individual's interference, and punitive damages are not included in that amount." 671 N.E.2d at 163.

Similarly, *Thomas v. Briggs*, 98 Ind.App. 352, 189 N.E. 389 (1934), is a constructive trust case, and does not recognize a separate tort action for interference with an inheritance. In *Thomas*, the dying wife wrote out a will giving half her property to the husband and the other half to a niece. She asked her husband to make sure the will was "finished. The husband appeared to follow through, but after the wife died, he attempted to avoid probating the will. 189 N.E. at 391-92. The niece commenced a probate action. The court refused to uphold the will, but imposed a constructive trust over one half of the property in favor of the niece. *Id.* at 393. The wrong in both *Thomas* and *Ransdel* involved the decedents' desire, but failure, to make a valid will. In each case no will contest remedy was available to the plaintiff, and the remedy of constructive trust was "where the alleged trustee acquired the property by making a promise to convey the property to the alleged beneficiary after the death of the deceased, and he failed to do so...." *Id.* at 391.

*Newsom v. Estate of Haythorn*, 125 Ind.App. 276, 122 N.E.2d 149 (1954), is no different. In *Newsom*, the decedent promised to include the plaintiff in her will, did so generously in one will, but to a lesser degree in a subsequent will based on the son's objections. 122 N.E.2d at 150. Nearly 19 years after the decedent's death, the plaintiff brought an action against the son's estate, claiming the son had kept the decedent from adopting her and caused the decedent to revoke her prior will by making "false statements and representations" to the decedent. 122 N.E.2d at 151. Although the disposition of the case is not entirely clear, it appears to have been decided on the basis of a constructive trust, not a common law tort. Again, no will contest remedy was available to the plaintiff. *Id.*

Steven has a will contest remedy in state court, and indeed has already invoked that remedy along with a request for imposition of a constructive trust in the Will Contest Action. He should not be permitted to seek an additional remedy in a separate federal court action.

In Indiana, it has long been established that a will contest is the exclusive remedy for challenging a will. *See. e.g., Evansville Ice & Cold Storage Co. v. Winsor*, 148 Ind. 682, 48 N.E. 592 (1897); *Estate of Niemiec*, 435 N.E.2d 999 (Ind. App. 1982). Indiana Code § 29-1-7-17 sets forth the grounds for contesting a will, which include: "(1) the unsoundness of mind of the testator; (2) the undue execution of the will; (3) that the will was executed under duress or was obtained by fraud; or (4) any other valid objection to the will's validity or the probate of the will." The Indiana Legislature included a specific provision for addressing alleged fraud.[6] The General Assembly, in Indiana Code § 29-1-7-17, carefully limited the grounds upon which a will

---

[6] Ind. Code § 29-1-1-24 provides: "Whenever fraud has been perpetrated in connection with any proceeding or in any statement filed under this probate code or if fraud is used to avoid or circumvent the provisions or purposes of this probate code, any person injured thereby may obtain appropriate relief against the perpetrator of the fraud including restitution from any person (other than a bona fide purchaser) benefiting from the fraud, whether innocent or not. This section has no bearing on remedies relating to fraud practiced on a decedent during his lifetime which affects the succession of his estate."

6

may be set aside. This statutory scheme provides an exclusive remedy, and is not one that should be expanded or negated in the absence of clear legislative intent.[7]

Although the grounds in Indiana for setting aside a will are limited, they include the grounds Steven has alleged in both his actions: unsoundness of mind and undue execution, including fraud, undue influence or duress. *See, e.g., Jarrrett v. Ellis*, 193 Ind. 687, 641 N.E. 627 (Ind. App. 1923); *Estate of Parlock*, 486 N.E.2d 567 (Ind. App. 1985). These requirements for setting aside a will reflect legislative policy and intent that one should be permitted to control the distribution of one's estate at death with considerable certainty and written testamentary intent should not be set aside based on speculation as to what the testator might have done had he

---

[7] States that recognize a cause of action for tortious interference with an inheritance or a similar tort claim, generally limit the claim to those situations in which no adequate remedy can be obtained in a probate proceeding. *See, e.g., State v. Chatfield*, 797 S.W.2d 508 (Mo. Ct. App. 1990) (probate remedy precludes tort claim); *In re Estate of Knowlson*, 562 N.E.2d 277 (Ill. App. Ct. 1990) (tort claim not precluded where probate remedy uncertain); *McMullin v. Borgers*, 761 S.W.2d 718 (Mo. App. 1988) (probate remedy precludes tort claim); *In re Estate of Hoover*, 513 N.E.2d 991 (Ill. App. 1987), appeal denied, 517 N.E.2d 1086 (Ill. 1987) (same); *Ogle v. Fuiten*, 466 N.E.2d 224 (Ill. 1984) (tort claim allowed where plaintiff had no probate claim); *DeWitt v. Duce*, 408 So.2d 216 (Fla. 1981) (failure to pursue adequate probate remedy precludes tort claim); *Benedict v. Smith*, 376 A.2d 774 (Conn. Super. Ct. 1977) (if will is admitted to probate, tort claim not permitted); *Johnson v. Stevenson*, 152 S.E.2d 214 (N.C. 1967) (failure to challenge will precludes later action to establish a constructive trust); *McGregor v. McGregor*, 101 F. Supp. 848 (D. Colo. 1951) (failure to pursue adequate probate remedy precludes tort claim); *Allen v. Lovell's Admx.*, 197 S.W.2d 424 (Ky. 1946) (a destroyed will should be probated if possible; but if not, a tort action may be maintained); *Morton v. Petitt*, 177 N.E. 591 (Ohio 1931) (tort allowed where malicious destruction of will precluded adequate probate remedy); *Creek v. Laski*, 227 N.W. 817 (Mich. 1929) (same).

Other cases recognize a tort claim, but so with little policy explanation or based on specific facts that compel a remedy. *See, e.g., Doughty v. Morris*, 871 P.2d 380 (N.M. Ct. App. 1994); *Firestone v. Galbreath*, 616 N.E.2d 202 (Ohio 1993); *Hammons v. Eisert*, 745 S.W.2d 253 (Mo. Ct. App. 1988); *King v. Acker*, 725 S.W.2d 750 (Tex. Ct. App. 1987); *Barone v. Barone*, 294 S.E.2d 260 (W. Va. 1982); *Nemeth v. Banhalmi*, 425 N.E.2d 1187 (Ill. App. Ct. 1981); *Cyr v. Cote*, 396 A.2d 1013 (Me. 1979). A federal court should not adopt the premises or rationales of these other jurisdictions in the face of Indiana's clear legislative intent.

7

or she known the "true" or different facts or been unfettered by the wishes or sway of his or her heirs, spouse, friends or others.[8]

### 2. Steven Could Not Bring His Tortious Interference Claim as a Separate Action in an Indiana State Court under the First-Filed Principle and Indiana Trial Rule 12(B)(8).

Because the rule in Indiana is that jurisdiction over a case becomes exclusive in the court in which the case is first instituted," Indiana would not permit Steven to maintain a separate state court action for his tortious interference claim. *Pivarnik v. Northern Ind. Pub. Serv. Co.*, 636 N.E.2d 131, 135 (Ind. 1994) (citations omitted).[9] As discussed below, a similar principle applies when two federal court actions are filed.

The principle underlying Rule 12(B)(8) is that "two courts may not simultaneously exercise jurisdiction over what amounts to the same case." *Centex Home Equity Corp. v. Robinson*, 776 N.E.2d 935, 945 (Ind. App. 2002). Rule 12(B)(8) is a rule of "priority," and other Indiana courts "must defer" to the authority of the court that first acquired jurisdiction over the matter. *Kozlowski v. Dordieski*, 849 N.E.2d 535, 537 (Ind. 2006) (quotation and citations omitted). "When an action is pending before a court of competent jurisdiction, other courts must defer to that court's extant authority over the case. Courts observe this deference in the interests of fairness to litigants, comity between and among the courts of this state, and judicial

---

[8] Children have no natural or automatic legal right to the estate of their parents. Parents have a right to dispose of their property as they please, and to judge for themselves the objects of their bounty, which may include persons other than biological children. *See, e.g., Thorn v. Cosand*, 160 Ind. 566, 568-69, 67 N.E. 257, 258 (1903).

[9] Cases are the "same" within the meaning of T.R. 12(B)(8) when "the parties, the subject matter, and the remedies sought are substantially the same." *Id.* "The determination of whether two actions being tried in different state courts constitute the same action depends on whether the outcome of one action will affect the adjudication of the other. The rule applies and an action should be dismissed where the parties, subject matter, and remedies are precisely or even substantially the same in both suits." *Kentner v. Indiana Pub. Employers' Plan, Inc.*, 852 N.E.2d 565, 571 (Ind. App. 2006), *trans. denied*, 869 N.E.2d 449 (Ind. 2007).

efficiency." *Thacker v. Bartlett*, 785 N.E.2d 621, 624 (Ind. App. 2003) (internal citation omitted). "Rule 12(B)(8) is meant to avoid the risk of conflicting judgments or other confusion that can result from two courts exercising simultaneous jurisdiction over the same or substantially the same action. In sum, the rule precludes the same parties from litigating the same issues in two Indiana courts at the same time." *Beatty v. Liberty Mut. Ins. Group*, 893 N.E.2d 1079, 1087 Ind. App. 2008).

Here, there is no dispute that Susan and Steven are parties in both actions. The subject matter and relief sought in the two actions are substantially similar. Both actions concern the Last Will and Testament of Robert Kozlowski and the affect (if any) of a Prenuptial Agreement between Susan and Robert. The adjudication of one case will have a substantial and direct affect on the adjudication of the other, as both courts will be called up to consider the same evidence and adjudicate the same legal issues. Thus, the policy that is the foundation for T.R. 12(B)(8) is fully implicated in this situation: proceeding in both courts will raise a substantial risk of conflicting judgments or other confusion.

**B. FEDERAL LAW DOES NOT PERMIT STEVEN'S INDEPENDENT TORT CLAIM.**

**1. The Federal Probate Exception Precludes the Exercise of Federal Jurisdiction Over Steven's Tort Claim.**

Steven's purported tort claim is nothing more than an alternative legal theory espoused to obtain the same result he seeks in the Will Contest Action. As shown in Exhibit B, the material facts in both actions are substantially the same, and in numerous paragraphs use identical or nearly identical words. In both cases, Steven claims he, not Susan, should receive substantially all of Robert's probate and non probate assets.

Numerous federal courts have considered whether a tort claim for tortious interference with an inheritance may be maintained in a federal district court based on diversity of

citizenship. Even where state law would permit such a claim (and here Indiana law does not), the "probate exception" to federal jurisdiction does not permit plaintiffs to maintain two cases with respect to the same estate.[10] In *Markham v. Allen,* the United States Supreme Court stated:

> It is true that a federal court has no jurisdiction to probate a will or administer an estate....But it has been established by a long series of decisions of this Court that federal courts of equity have jurisdiction to entertain suits 'in favor creditors, legatees and heirs' and other claimants against a decedent's estate 'to establish their claims' so long as the federal court does not interfere with the probate proceedings or assume general jurisdiction of the probate or control of the property in the custody of the state court.

326 U.S. 490, 494 (1946) (*quoting Waterman v. Canal-Louisiana Bank & Trust Co.,* 215 U.S. 33, 43 (1909)).

In *Marshall v. Marshall,* 547 U.S. 293, 310 (2006), the United States Supreme Court admitted that the probate exception and particularly the phrase "so long as the federal court does not interfere with the probate proceedings" have not been uniformly interpreted or applied.[11] The *Marshall* Court clarified that:

> [T]he probate exception reserves to state probate courts the probate or annulment of a will and the administration of the decedent's estate; it also precludes federal courts from endeavoring to dispose of property that is in the custody of a state probate court. But it does not bar federal courts from adjudicating matters outside those confines and otherwise within federal jurisdiction.

---

[10] The "probate exception" has a counterpart for matters concerning domestic relations, and the two exceptions "are materially identical." *Struck v. Cook Co. Pub. Guardian,* 508 F.3d 858, 859 (7th Cir. 2007).

[11] In *Storm v. Storm,* the Seventh Circuit Court of Appeals held that the probate exception precluded federal adjudication of a claim that the plaintiff's father tortiously interfered with the son's inheritance by influencing the amendment of an *inter vivos* trust. 328 F.3d 941, 943-45 (7th Cir. 2003). Other courts have explained that the probate exception limits federal courts from exercising jurisdiction only over the *res* to be administered by the probate court, and thus precludes only federal litigation of *in rem* proceedings. *Storm,* 328 F.3d at 943-45 (discussing limits and historical origins of probate exception).

10

547 U.S. at 312.

In *Marshall*, the plaintiff's federal court claim was for tortious interference with an anticipated gift from her deceased husband and related tort claims, including defamation stemming from cross allegations of fraud. The Court held that the probate exception prohibits federal courts from adjudicating claims concerning property that is already in the custody of the state probate court, but does not preclude adjudication of other claims. *Id.* After *Marshall*, the Seventh Circuit Court of Appeals held that the probate exception applies only to disputes that involve the probate or annulment of a will. *Bleeker v. Krantz,* 2006 WL2859621 (N.D. Ill. 2006) (not reported in F. Supp. 2d). Questions of a will's validity are within the confines of the probate exception, even if other claims, such as breach of fiduciary duty are not. *Id.* at *3. *Accord Royster v. Board of Church Extension,* 2006WL3247244 (S.D. Ind. 2006) (not reported in F. Supp. 2d.) (claims for breach of contract and independent torts committed by trustee are not within the probate exception).

Even if Indiana law were to permit a separate tort claim for interference with an inheritance, the case should be dismissed because it falls squarely within the confines of the probate exception. The *Marshall* Court's clarification of the probate exception brings this case into sharp contrast with other post-*Marshall* decisions such as *Bleeker and Royster* above. Steven's allegations in this federal court complaint challenge the validity of a will already admitted to probate, a proposed alternative will, and the adjudication of property within the custody of the state probate court. *Marshall*, 547 U.S. at 312. Steven's allegations at paragraphs 58-94 in his complaint in this action [Dkt. 1] concern the validity or invalidity of the will and codicil that have been admitted to probate in the Boone Superior Court 1. [Dkt. at para. 57.] Specifically, Steven alleges that Susan interfered with Robert's plan to give substantially all of

11

his probate and non probate assets to Steven, by a causing a new will and codicil to executed (the 2007 Will) and by causing Robert to make certain *inter vivos* transfers to Susan or create joint tenancies between Robert and Susan in certain property. *See* Dkt. 1, paras. 84, 86 88-90. Steven claims that his Will Contest Action does not provide an adequate remedy because some of the property at issue passed outside the 2007 will and codicil admitted to probate, and thus that property is not within the jurisdiction of the probate court. Dkt. 1, paras. 91, 93.[12] However, Steven seeks to have that will and codicil set aside and to have all of Robert's property given to him. Dkt. 1, pp. 11-12.

However, Steven has already made the **same allegations** in his Will Contest Action. *See, e.g.,* Ex. B at paras. 47-74. Steven seeks to impose a constructive trust over **all** of Robert's property (Ex. B, p. 12 at para. 8); enforce the prenuptial agreement (Ex. B, p. 12 at paras. 9 and 13); revoke probate of the 2007 will and codicil (Ex. B, p. 11 at paras. 1-3); and either probate an earlier will of Robert's (Ex. B, p. 12 at para. 11), or declare that Robert died intestate and Steven is entitled to his intestate share of Robert's assets (Ex. B, p. 12 at para. 12). Robert's claims for relief in the Will Contest clearly encompass the same relief he seeks in this action, and thus his contention that he must be given a "second bite at the apple" (*Minton,* 671 N.E.2d at 163) cannot be sustained.

Even after *Marshall,* federal courts continue to decline to adjudicate probate-related proceedings on policy grounds. *See Struck v. Cook Co. Pub. Guardian,* 508 F.3d 858, 859 (7th Cir. 2007). "State courts, moreover, are assumed to have developed a proficiency in core probate and domestic-relations matters and to have evolved procedures tailored to them." These

---

[12] Steven makes similar allegations regarding Robert and Susan's prenuptial agreement, and specifically that Susan used it to obtain property contrary to Robert's purported testamentary intent. Dkt. 1, paras. 95-98.

procedures and "comparative advantages" of the state courts for handling matters concerning inheritances are "akin to a doctrine of abstention." *Id.* at 860.

In *Struck*, the plaintiff was attempting to litigate in federal court the same "res" over which the state court was already exercising control, (*i.e.*, the plaintiff's right to access to his mother and her assets), and the court held that the situation "was the sort of maneuver that the probate/domestic-relations exception is intended to prevent." *Id.* (affirming dismissal of federal court action).[13] This case is no different, and represents nothing more than re-labeling of legal theories based on the same operative facts and fundamental claims to relief with respect to the same property. The analysis should focus on the property (the *res*) at issue in the two competing cases. *Id.* Where they are essentially same, two courts cannot simultaneously exercise independent jurisdiction, and the federal should yield to the state court. *Id.* Thus, the probate exception and related policy considerations should cause this Court to dismiss this action.

2. **This Court Should Abstain from Exercising Federal Jurisdiction in this Case on the Grounds of Wise Judicial Administration and Related Policy Considerations.**

Federal courts may also abstain from the exercise of federal jurisdiction on certain narrow grounds. *See Colorado River Water Conserv. Dist. v. United States,* 424 U.S. 800, 813-14 (1976). Among those grounds are situations involving state law and policy. "Abstention is also appropriate where there have been presented difficult questions of state law bearing on policy problems of substantial public import whose importance transcends the result in the case at bar." *Id.* at 814 (*citing Louisiana Power & Light Co. v. City of Thibodaux,* 360 U.S. 25, (1950)). "[T]he state question itself need not be determinative of state policy. It is enough that

---

[13] *Cf. Jones v. Brennan,* 465 F.3d.304, 308 (7th Cir. 2006) (permitting federal action to proceed because probate of father's estate had been completed and plaintiff was not seeking to inject federal court into the midst of a probate action).

13

exercise of federal review of the question in a case and in similar cases would be disruptive of state efforts to establish a coherent policy with respect to a matter of substantial public concern." *Id.* (citations omitted).

There can be little doubt that states have a substantial interest in determining their own policies and procedures for handling matters concerning the testate and intestate inheritance and the administration of decedent's estates. *See Marshall*, 547 U.S. 293, and *Struck*, 508 F.3d 858. Here, a federal court is being asked to grant relief based on a claim that has never been recognized as an independent tort in Indiana.

"Federal courts must decide diversity cases as if they were sitting as state courts. If a question of state law has not been addressed by either the state's own courts or federal courts, we may certify the question to the state's highest court pursuant to 7th Cir. R. 52...." *Shirley v. Russell*, 569 F.3d 839, 844 (7th Cir. 1995) (*citing Todd v. Societe BIC, S.A.*, 9 F.3d 1216, 1221 (7th Cir.1993), *cert. denied*, 513 U.S. 947, (1994): *see also* 7th Cir. R. 52. and Ind. R. App. P. 15(O). Abstention, not certification to the Indiana Supreme Court, makes more sense in this case.

However, even if this court declines to abstain, it may still refrain from adjudicating this case where there is concurrent federal-state jurisdiction on the principles of "wise judicial administration" set forth in *Colorado River*. 424 U.S. at 817. Although the circumstances under which wise judicial administration may be invoked are limited, the desirability of avoiding piecemeal litigation and the general policy of yielding to the first court acquiring jurisdiction over the property at issue are important considerations that may lead a court to dismiss a federal action. *Id.* at 820 (citations omitted). Beyond those considerations, a federal court may decline to proceed when the federal action consists of nothing more the mere filing of a complaint (as is the case here) and no further proceedings have been commenced in the federal action, while

there have been more extensive proceedings that have already occurred in the state court action. *Id.*

Judicial economy, the avoidance of piecemeal litigation, the first-filed principle, Indiana's substantial and important interests in its adjudication of probate-related matters, the federal policy considerations underlying the probate exception, as well as the specific considerations of wise judicial administration and the prospect that the question at issue should be determine by the Indiana Supreme Court or the Indiana Legislature, all converge in this case and lead to the conclusion that this action should be dismissed, and Steven should pursue his claims in the pending Will Contest Action in the Boone Superior Court.

## III.

## CONCLUSION

For all the foregoing reasons, this action should be dismissed.

Respectfully submitted,

/s/ Judy L. Woods
Judy L. Woods (Atty. No. 11705-49)

Attorney for Susan M. Kozlowski

BOSE McKINNEY & EVANS LLP
111 Monument Circle, Suite 2700
Indianapolis, IN 46204
(317) 684-5000
(317) 684-5173 fax
jwoods@boselaw.com


# CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing has been served upon the following counsel of record via the Court's electronic filing system this 25th of January, 2011.

Richard D. Hailey  
Justin W. Leverton  
RAMEY & HAILEY  
9333 N. Meridian Street, Suite 105  
Indianapolis, IN 46260

Rich@rameyandhaileylaw.com  
Justin@rameyandhaileylaw.com

/s/ Judy L. Woods  
Judy L. Woods

1823069