UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| STEVEN ROBERT KOZLOWSKI, | |
| PLAINTIFF, | |
| V. | CASE NO. 1:10-cv-01538-RLY-MJD |
| SUSAN M. KOZLOWSKI, | JURY TRIAL REQUESTED |
| DEFENDANT. | |

**PLAINTIFF'S RESPONSE BRIEF IN OPPOSITION
TO DEFENDANT'S MOTION TO DISMISS**

Plaintiff, Steven Robert Kozlowski, by counsel and in accordance with Fed. R. Civ. P. 6(d) and 12 and L.R. 7.1, hereby submits his Response Brief in Opposition to Defendant's Motion to Dismiss.

**I. Introduction**

Plaintiff Steven Robert Kozlowski ("Steven") has brought this action to fulfill his father, Robert Kozlowski's, testamentary intent to give substantially all of his assets to his only child, Steven Kozlowski, upon his death. Robert Kozlowski ("Robert") was a successful and intelligent businessman who effectuated this intent through a will and a prenuptial agreement with his second wife Defendant Susan Kozlowski ("Susan"). Unfortunately, Robert became terminally ill with a rare form of Non-Hodgkin's Lymphoma in 2005 and after this diagnosis, Susan began a deliberate effort in 2005 to circumvent the prenuptial agreement so that she could obtain all of Robert's assets. (Complaint, ¶¶ 1, 38).

1

With the threat of being left with little of Robert's assets after his death, Susan began a two-part approach to assure that she—and no one else—obtain Robert's assets. First, Susan directed the drafting of a new will for Robert (the "2007 Will") that disinherited Steven and left Robert's probate assets to her. (Complaint, ¶ 58; Exhibit "C" to Complaint). The 2007 Will also appointed Susan as the personal representative instead of Steven so that she could control the administration of Robert's estate. (*See* Complaint, ¶ 64). Robert purportedly signed this new will in Kendallville, Indiana while seriously ill with Pulmonary Fibrosis and PCP pneumonia in Indianapolis, Indiana. (Complaint, ¶ 59). However, the 2007 Will did not remove the risk that Steven could recover all of Robert's assets through a successful will contest.

To avoid a potentially successful will contest from depriving her of Robert's assets, Susan, relying on Robert's weakened and susceptible state of mind, concocted her artifice of turning probate assets into non-probate assets prior to Robert's death. (Complaint, ¶ 69). Before being diagnosed with his terminal illness, Robert held all his assets solely in his name. (Complaint, ¶ 67). None of his assets were held with Susan as joint tenants with rights of survivorship, tenants by the entireties, or in any other type of co-tenancy relationship. (Complaint, ¶ 67). After Robert became sick, Susan began adding: (i) her name as joint owner of Robert's financial accounts (e.g. Baird Financial securities account, Janney Montgomery Scott account, several individual retirement accounts, accounts held with Dekko Financial); and/or (ii) either Transfer on Death (T.O.D.) or Payable on Death (P.O.D.) provisions in favor of Susan. (Complaint, ¶ 70; *see* Exhibit "B" to Complaint). Robert's solely owned real property was retitled as joint property owned with Susan. (Complaint, ¶ 71). When Robert died, the majority of his estate was allegedly non-probate assets. (Complaint, ¶¶ 85, 89).

After the will contest was initiated in Boone County Superior Court I, Estate Docket 06D01-0911-EU-131 and Susan filed the Amended Personal Representative's Inventory, it became apparent to Steven that the majority of Robert's assets were missing. The Amended Personal Representative's Inventory listed Robert's assets as only $470,135.47 (Exhibit "D" to Complaint). After a discovery fight over the location and value of non-probate assets, it was revealed that Robert was worth approximately $11 million when he died. (A copy of the letters memorializing the discovery dispute is attached hereto as Exhibit "1"; s*ee* Exhibit "B" to Complaint). According to Susan's argument at the July 12, 2010 hearing on Steven's Motion to Compel, all of these assets were converted into non-probate assets prior to Robert's death; therefore, they passed via operation of law outside of probate and the jurisdictional reach of the Boone County probate court. Steven thus brings this action to recover the 95% of his father's assets that are not part of the probate proceeding that are rightfully his and punish Susan for her outrageous conduct. (Complaint, ¶¶ 87-98; 99-101).

## II. Motion to Dismiss Standard

When ruling on a motion to dismiss for failure to state a claim, pursuant to Rule 12(b)(6), the court accepts as true all well-pleaded factual allegations in the complaint and the inferences reasonably drawn from them. *See Baxter by Baxter v. Vigo County Sch. Corp.*, 26 F.3d 728, 730 (7th Cir. 1994). The court can consider the facts alleged in the complaint as well as documents attached to or incorporated into a complaint when reviewing under a motion to dismiss standard. *See Albany Bank & Trust Co., v. Exxon Mobil Corp.*, 310 F.3d 969, 971 (7th Cir. 2002). Under the liberal notice pleading allowed in most federal civil actions, the plaintiff is entitled to the benefit not only of his allegations but of any other facts he might assert that are not inconsistent with the allegations of the complaint. *See, e.g., Trevino v. Union Pacific Railroad Co.*, 916 F.2d

3

1230, 1239 (7th Cir. 1990) (reversing dismissal on the pleadings). Dismissal is appropriate only if it appears beyond doubt that plaintiff can prove no set of facts consistent with the allegations in the complaint that would entitle it to relief. *See Hi-Lite Prods. Co. v. Am. Home Prods. Corp.*, 11 F.3d 1402, 1405 (7th Cir. 1993). This standard means that if any set of facts, even hypothesized facts, could be proven consistent with the complaint, then the complaint must not be dismissed. *See Sanjuan v. Am. Bd. of Psychiatry & Neurology, Inc.*, 40 F.3d 247, 251 (7th Cir. 1995).

### III. Argument

A. Steven's Tortious Interference with Inheritance claim is viable under Indiana Law.

*1.     Indiana law recognizes the claim of tortious interference with an inheritance.*

Steven brings this lawsuit because Susan committed a tort against him and his remedies in the will contest are inadequate. By converting Robert's assets into non-probate assets, Susan has attempted to evade the tentacles of the Boone County Probate Court's jurisdiction. Unlike the will contest where Steven is primarily attacking the validity of the 2007 Will, this action covers Susan's wrongful conduct in converting Robert's assets into non-probate assets. Susan's actions constitute an independent tort under Indiana law, and Steven is entitled to a remedy separate and distinct from the probate proceedings.

While Indiana appellate law is nearly silent on the tort of intentional interference with an inheritance, the tort and the remedies available to its victims are recognized in Indiana and discussed in a few appellate opinions. *See Minton v. Sackett*, 671 N.E.2d 160 (Ind. Ct. App. 1996); *Newsom v. Estate of Haythorne*, 125 Ind. App. 276, 122 N.E.2d 149 (1954); *Keith v. Dooley*, 802 N.E.2d 54 (Ind. Ct. App. 2004); *Ransdel v. Moore*, 53 N.E. 767, 772 (Ind. 1899) (noting that the doctrine of imposing a constructive trust over fraudulently or unconscionably

4

acquired assets has been the law of England for over 200 years). In *Minton v. Sackett*, 671 N.E.2d 160 (Ind. Ct. App. 1996), the Indiana Court of Appeals adopted the Restatement (Second) of Torts § 774B (1979) which states that "[o]ne who by fraud or other tortious means intentionally prevents another from receiving from a third person an inheritance or gift that he would otherwise have received is subject to liability to others for the loss of the inheritance or gift." *See Keith v. Dooley*, 802 N.E.2d 54, 57 (Ind. Ct. App. 2004) (noting that *Minton* adopted the Restatement (Second) of Torts § 774B). Even the Restatement recognizes that the tort of intentional interference with an inheritance is a viable claim under Indiana law: "A substantial majority of the cases now grant recovery in tort for intentionally and tortiously interfering with expectation of an inheritance or gift." Restatement (Second) of Torts § 774B (1979) (*citing Newsom v. Estate of Haythorne*, 125 Ind. App. 276, 122 N.E.2d 149 (1954) and case law from other states). In *Newsom*, the Indiana Court of Appeals recognized that a torfeasor is liable for interfering with an expectation of inheritance. The Court held:

> The rule established by the authorities is that when an heir or devisee in a will prevents the testator from providing for one for whom he would have provided but for the interference of the heir or devisee, such heir or devisee will be deemed a trustee, by operation of law, of the property, real or personal, received by him from the testator's estate, to the amount or extent that the defrauded party would have received had not the intention of the deceased been interfered with. This rule applies also when an heir prevents the making of a will or deed in favor of another, and thereby inherits the property that would otherwise have been given such other person.

*Newsom v. Estate of Haythorne*, 122 N.E.2d 149, 151 (Ind. App. 1954) (citing *Ransdel v. Moore*, 53 N.E. 767 (Ind. 1899)). Thus, under *Newsom*, Susan is liable to Steven to the extent she tortiously deprived Steven of receiving his full inheritance and such assets must be held in constructive trust.

5

Susan attempts to distinguish *Newsom* from Steven's case on the grounds that it is a constructive trust case; not an intentional tort case. What Susan fails to grasp is that the constructive trust is the *remedy* for the tortious conduct. As explained in *Ransdel*, the remedy of constructive trust is appropriate when a party wrongfully obtains property through fraud (actual or constructive), violation of confidence or of fiduciary relations, or any other unconscientious manner. *Ransdel v. Moore*, 53 N.E. at 772. Thus, the predicate for imposing a constructive trust is the commission of an intentional tort by the defendant. *See Id.* (internal citations omitted); *see also Vance v. Grow*, 206 Ind. 614, 190 N.E. 747, 751 (1934) (holding that a constructive trust cannot be declared unless the facts found are sufficient to show actual or constructive fraud).

The seminal case for understanding Indiana law on tortious interference with inheritance is *Keith v. Dooley*, 802 N.E.2d 54 (Ind. Ct. App. 2004). In *Keith*, the Indiana Court of Appeals succinctly recited when a separate lawsuit for tortious interference with inheritance can be filed:

> *Minton* represents a public policy decision that a plaintiff must challenge tortious conduct surrounding the execution or revocation of a will in the will contest, **but if the will contest does not provide an adequate remedy, only then can the plaintiff file an independent tort action for interference with an inheritance**.

*Keith v. Dooley*, 802 N.E.2d 54, 57 (Ind. Ct. App. 2004) (emphasis added).[1] Accordingly, tortious interference with an inheritance is a viable claim under Indiana law when the victim's will contest remedies are inadequate.

---

[1] The Court of Appeals in *Keith* refers to Curtis E. Shriley, Tortious Interference with an Expectancy, 41 Res Gestae 16 (Oct. 1997) reciting numerous situations where a separate and independent tort action may be brought for interference with an inheritance. Pursuant to L.R. 7.1(d), an electronic copy of the article is attached hereto as Exhibit "2". The article is also available at http://www.shirleylaw.net/CM/AttorneyWritingSamples/TortiousInterferenceWithanInheritance.pdf.

*2. Steven's will contest remedies are inadequate; therefore, his claim of tortious interference with an inheritance arises under Indiana law.*

Applying Indiana legal precedent set forth herein, Steven has plead facts sufficient to entitle him file this separate legal action against Susan and obtain relief. Prior to being diagnosed with his terminal illness, Robert held his $11 million in assets solely in his name. But for Susan's tortious actions, upon Robert's death, Robert's $11 million in assets would have been probated and Steven's will contest would have provided an adequate remedy. However, because Susan's scheme converted Robert's assets into non-probate assets, the most that Steven can hope to recover with a successful will contest is the value of the estate--$470,135.47. (Exhibit "D" to Complaint). Steven's will contest remedy is clearly inadequate under the standard set forth in *Keith*. As stated in *Keith*, "[t]he adequacy of a remedy is not dependent upon whether a will contestant prevails, but upon whether the contestant has an opportunity to pursue the remedy." *Keith*, 802 N.E.2d at 58 (*citing Minton*). Because Steven does not have the opportunity to obtain non-probate assets in a probate proceeding, he is entitled to file an independent tort action for interference with his inheritance. Indiana law provides an avenue of redress for a tort victim such as Steven, and accordingly, he has brought this suit.

The reason Indiana law recognizes the tort of intentional interference with an inheritance and provides a separate and distinct remedy is because in certain situations, the remedy provided in a successful will contest is inadequate. Steven's lack of remedies in the will contest pending in the Boone County Probate Court is real. Susan has previously refused to provide discovery regarding the value or location of Robert's non-probate assets arguing that the probate proceedings do not reach non-probate assets. (Exhibit "1"). Only after Steven's Motion to Compel was granted did Susan disclose the value of the probate assets, but she continues to fight our attempts to bring the non-probate assets into the will contest action. Dismissing this suit

7

would leave Steven (and similarly situated heirs) without any remedy to obtain all his father's assets—both probate and non-probate—that are rightfully his. If this suit is dismissed, tortfeasors are encouraged to circumvent the authority of a probate court by converting the decedent's assets into non-probate property. The victims of such conduct would be left with no remedy. Indiana law recognizes the need to make tort victims whole; therefore, permits Steven to file and maintain an independent tort action against Susan for her interference with Steven's inheritance.

B. Steven's tort claim is properly pending in this Court sitting in diversity.

Because Indiana law permits Steven to file a separate and independent tort action for Susan's interference with Steven's inheritance, Steven's claim is properly pending in this Court. Steven's claim is not a will contest; it is a tort claim. (Complaint, ¶¶ 87-94; 95-98). Like any other tort claim, if the parties have absolute diversity and the amount in controversy exceeds $75,000, a federal court has jurisdiction. 28 U.S.C. § 1332. As set forth on page 3 of Susan's Brief in Support of Motion to Dismiss, "the prerequisites for a diversity action are not disputed." Steven is a resident and citizen of Florida, and Susan is a resident and citizen of Indiana (Complaint, ¶¶ 4, 5). The amount in controversy, exclusive of fees and costs, exceeds the jurisdictional amount of $75,000. (Complaint, ¶ 2). Accordingly, Steven's claims are properly before this Court sitting in diversity.

The federal probate exception does not preclude Steven from bringing his tort claim in federal court. In *Marshall v. Marshall*, 547 U.S. 293, 312 (2006), the U.S. Supreme Court stated that a claim for tortious interference with an expectancy is a "widely recognized tort" and cites Restatement (Second) of Torts § 774B.[2] *Id*. The Court went on to hold that jurisdiction was properly asserted by a Federal District Court over Anna Nicole Smith's claim for tortious

---

[2] This is the same restatement adopted in *Minton* and *Keith*.

interference with an expectancy because the claim "falls far outside the bounds of the probate exception." *Id.* at 308. Federal jurisdiction over the tort claim was properly asserted regardless of the will contest pending in a Texas Probate Court. *Id.* at 314. As stated in Marshall:

> At issue here, however, is not the Texas Probate Court's jurisdiction, but the federal courts' jurisdiction to entertain Vickie's tortious interference claim. Under our federal system, Texas cannot render its probate courts exclusively competent to entertain a claim of that genre. We therefore hold that the District Court properly asserted jurisdiction over Vickie's counterclaim against Pierce.

*Marshall*, 547 U.S. at 314.

Susan invites this Court to completely disregard *Marshall* and extend the federal court probate exception to Steven's independent tort claim. Because Indiana law permits Steven to file an independent tort action for interference with his inheritance, and federal law allows a district court sitting in diversity to hear his claim, dismissing Steven's lawsuit would be improper under *Marshall v. Marshall*, 547 U.S. 293 (2006) and *Keith v. Dooley*, 802 N.E.2d 54 (Ind. Ct. App. 2004).

In addition to the probate exception, Susan attempts to incorporate other abstention doctrines in support of her Motion to Dismiss—all to no avail. The U.S. Supreme Court has roundly rejected the ability of a federal court to divest itself of a case once jurisdiction attaches. As Chief Justice John Marshall famously quipped "[i]t is most true that this Court will not take jurisdiction if it should not: but it is equally true, that it must take jurisdiction if it should. . . . We have no more right to decline the exercise of jurisdiction which is given, than to usurp that which is not given." *Marshall*, 547 U.S. at 298 (*quoting Cohens v. Virginia*, 19 U.S. 264, 6 Wheat. 264, 404, 5 L. Ed. 257 (1821)). Because jurisdiction attaches to this case under 28 U.S.C. § 1332, it would be reversible error to dismiss this case under any abstention doctrine.

9

C. Steven's independent tort action brought in federal court does not violate the First-Filed Principle or Ind. T.R. 12(B)(8), and in any event, such state laws are irrelevant for federal jurisdictional analysis.

This lawsuit does not violate the First-Filed Principle or Ind. T.R. 12(B)(8) because Indiana law permits the filing of an independent tort action for interference with an inheritance. *Keith v Dooley*, 802 N.E.2d 54, 57 (Ind. Ct. App. 2004). The Indiana Court of Appeals stated that "if the will contest does not provide an adequate remedy, only then can the plaintiff **file** an **independent tort action** for interference with an inheritance." *Id.* (emphasis added). It is important to recognize that the Indiana Court of Appeals in *Keith* used the words "file" and "action" because it recognizes that a separate lawsuit can be brought.

As set forth in Section III A, Steven has a claim for tortious interference with an inheritance because his will contest remedies are inadequate. Accordingly, *Keith* permits Steven to file an independent action against Susan without violating the First-Filed Principle or Ind. T.R. 12(B)(8). Such a result makes logical sense because a probate proceeding is not geared towards resolving transitory tort claims. Nor does federal law mandate that a tortious interference with an inheritance claim be brought in a will contest action. In *Marshall v. Marshall*, 547 U.S. 293 (2006), the U.S. Supreme Court gave its approval to exactly the same situation as the one at bar. Anna Nicole Smith brought her claim for tortious interference with an expectancy in a California bankruptcy court while her will contest was pending in a Texas Probate Court. *Marshall*, 547 U.S. at 300-02. The U.S. Supreme Court held that the California district court had jurisdiction over the tortious interference with an expectancy claim regardless of the Texas probate proceedings because these tort claims "does not 'involve the administration of an estate, the probate of a will, or any other purely probate matter.'" *Marshall*, 547 U.S. at 312 (internal

citations omitted). Both Indiana and federal law recognize the permissibility of Steven filing a separate and independent tort action for Susan's interference with Steven's inheritance.

Susan argues that the First-Filed principle and Ind. T.R. 12(B)(8) are violated by mischaracterizing this action as a second vehicle for Steven to attack the 2007 Will. Not true. The main thrust of this lawsuit is to recover the $11 million in non-probate assets that fall outside the reach of the Boone County probate court. Accordingly, the success or failure of Steven's tort claim is not predicated on the validity or invalidity of the 2007 Will. For example, the 2007 Will could be declared valid in the probate proceedings and Steven could win a jury verdict in this action to recover all the non-probate property. Thus, Susan would get Robert's probate assets of $470,000 and Steven would recover the remaining $11 million of Robert's non-probate assets from Susan. Indiana law is not violated by Steven bringing a separate tort action from his probate suit to contest the 2007 Will.

In any event, Susan's reference to Indiana's First-Filed principle, Ind. T.R. 12(B)(8), or any other Indiana law on how/where Steven's tort claim can be filed is irrelevant because state law cannot govern how federal courts deal with the adjudication of a transitory tort such as tortious interference with an inheritance. As the U.S. Supreme Court held in *Marshall*:

> [i]t is also clear, however, that Texas may not reserve to its probate courts the exclusive right to adjudicate a transitory tort. We have long recognized that "a State cannot create a transitory cause of action and at the same time destroy the right to sue on that transitory cause of action in any court having jurisdiction." *Tennessee Coal, Iron & R. Co. v. George*, 233 U.S. 354, 360, 34 S. Ct. 587, 58 L. Ed. 997 (1914). Jurisdiction is determined "by the law of the court's creation and cannot be defeated by the extraterritorial operation of a [state] statute . . ., even though it created the right of action."

*Marshall*, 547 U.S. at 313-14. On the other side of the same coin, the Indiana Trial Rules have zero application in a federal court sitting in diversity under the Erie Doctrine and its progeny of

case law. *See generally Erie Railroad Co. v. Tompkins*, 304 U.S. 64, 58 S. Ct. 817, 82 L. Ed. 1188 (1938); *Hanna v. Plumer*, 380 U.S. 460 (1965) (federal rules of civil procedure, not state rules, apply in a diversity action). Thus, Susan's analysis of Indiana's First-Filed principle, Ind. T.R. 12(B)(8), or any other Indiana law on how/where Steven's tort claim can be filed is a purely academic exercise.

## IV. Conclusion

Indiana law recognizes the separate and distinct claim of tortious interference with an inheritance. The tort only arises if the victim's will contest remedies are deemed inadequate. Steven's will contest remedies are inadequate because probate proceedings do not cover non-probate assets. Because Susan converted almost $11 million of Robert's assets into non-probate assets leaving only $470,000 for the estate, the will contest proceeding will never give Steven the opportunity to obtain 95% of his father's assets. Accordingly, Indiana law permits Steven to file a separate and distinct tort action against Susan. Once Steven's tort claim arises under Indiana law, a federal district court sitting in diversity has jurisdiction over Steven's claim pursuant to 28 U.S.C. § 1332 regardless of Indiana's First-Filed Principle, Ind. T.R. 12(B)(8) or any other state law concerning how/where Steven's tort claim can be filed. Finally, the federal probate exception does not apply because the U.S. Supreme Court has held that transitory torts such as tortious interference with an inheritance fall far outside its bounds. Because Steven's claim is permitted under Indiana law and federal law allows this Court to hear his claim, Defendant's Motion to Dismiss must be denied in its entirety.

Respectfully submitted,

*/s/ Justin W. Leverton*
Justin Leverton, Attorney No. 25678-49
RAMEY & HAILEY
9333 N. Meridian Street, Suite 105
Indianapolis, Indiana  46260
Telephone:  (317) 582-0000
Facsimile:   (317) 582-0080
Justin@RameyandHaileyLaw.com

## CERTIFICATE OF SERVICE

I hereby certify that on the 11th day of February, 2011, a copy of the foregoing document was filed electronically.  Notice of this filing will be sent to the following parties by operation of the Court's CM/ECF system.

Judy L. Woods
Curtis T. Jones
BOSE MCKINNEY & EVANS LLP
jwoods@boselaw.com
cjones@boselaw.com

*/s/ Justin Leverton*_____