# RAMEY & HAILEY
## ATTORNEYS AT LAW

Mary Beth Ramey
Admitted in Indiana, Colorado & Washington D.C.

Richard D. Hailey
Admitted in Indiana & Washington D.C.

May 3, 2010

9333 N. Meridian Street, Suite 105
Indianapolis, Indiana 46260
Telephone: 317/582-0000
Facsimile: 317/582-0080
E-Mail: office@rameyandhaileylaw.com

William W. Knowles
Knowles & Associates
811 S. Range Line Road
Carmel, IN 46032

  Re: *Estate of Robert Kozlowski*
     *Defendant's Answers to Plaintiff's First Set of Interrogatories*
     *and Requests for Production*

Dear Mr. Knowles:

  I am writing this letter in response to your answers to our initial discovery requests. We respectfully request that you amend and supplement your answers to conform with the Trial Rules and the discovery requests. Furthermore, we request a telephone conference fourteen (14) days from now to address any further objections. My assistant, Deb Carter, will contact your office next week to set up a conference call to resolve discovery disputes. Below are our specific concerns:

### Plaintiff's First Set of Interrogatories.

**Interrogatory No. 2:** State the name, address, and business telephone number of each person with personal knowledge regarding the facts and circumstances surrounding the happenings of the occurrences referred to in the Complaint including without limitation the parties in this action and the witnesses to the Altered Will (as defined in the Complaint) and the Codicil (as defined in the Complaint).

Your answer was "Unknown at this time." This answer is insufficient under the Trial Rules. Please list the contact information for all witnesses to the purported Last Will and Testament of Robert Kozlowski dated April 30, 2007. In addition, list the contact information for Jessica Horwitz and Zachary Horwitz. In addition, list all the contact information for the Witnesses detailed in your answer to Interrogatory No. 15.



PLAINTIFF'S EXHIBIT
1

**Interrogatory No. 6**: Did Robert Kozlowski have a will prior to the Altered Will? If so, please describe in detail and list where it is currently located.

Your answer was "I am unaware of any altered will." This answer is insufficient under the Trial Rules. As stated in Interrogatory No. 2 on page 5, the term "Altered Will" is defined as the Last Will and Testament of Robert Kozlowski dated April 30, 2007. Therefore, please fully answer the question using this definition.

**Interrogatories No. 7-11** have the same insufficient answer as Interrogatory No. 6. Please amend/supplement your answer fully to incorporate the above-stated definition of "Altered Will."

**Interrogatory No. 11**: Describe in detail all medications Robert Kozlowski was taking when he signed the Altered Will (as defined in the Complaint).

Your answer was "I am unaware of any altered will. I am not qualified to answer details as to all of Robert Kozlowski's medication." This answer is insufficient under the Trial Rules. We are not requesting the defendant to express a medical opinion. We are requesting the Defendant, as a lay witness, recite all medications that Robert Kozlowski took that she was aware of.

**Interrogatory No. 12**: Describe in detail the circumstances surrounding Robert Kozlowski signing the Codicil (as defined in the Complaint).

Your answer was "Objection-Circumstances outside of the attestation clause of the Codicil are not relevant." This answer is insufficient under the Trial Rules. Relevancy of discovery does not govern the scope of discovery. Under T.R. 26(B)(1), "[p]arties may obtain discovery regarding any matter, not privileged, which is relevant to the subject-matter involved in the pending action, whether it relates to the claim or defense of the party seeking discovery or the claim or defense of any other party, including the existence, description, nature, custody, condition and location of any books, documents, or other tangible things and the identity and location of persons having knowledge of any discoverable matter. **It is not grounds for objection that the information sought will be inadmissible at the trial if the information sought appears reasonably calculated to lead to the discovery of admissible evidence**." (emphasis added).

Because we are challenging the propriety of the execution of both the Last Will and Testament of Robert Kozlowski dated April 30, 2007 and Codicil, this interrogatory seeks information that is relevant to our claim and thus is proper.

**Interrogatory No. 13**: Describe in detail the physical location of Robert Kozlowski when he signed the Codicil (as defined in the Complaint).

Your answer was vague. Because you have multiple attorneys, please detail the law firm and its physical address.

**Interrogatory No. 17**: List all non-probate assets owned by Robert Kozlowski at the time of his death.

Your answer was "Objection - Not material or relevant" This answer is insufficient under the Trial Rules. Relevancy of discovery does not govern the scope of discovery. See our response above. Pursuant to the Ante-Nuptial Agreement dated June 14, 2004, most of the non-probate assets of Robert Kozlowski were not to transfer to Susan Kozlowski. Susan Kozlowski wrongfully possesses non-probate assets that rightfully belong to Plaintiff. Because Plaintiff has standing to enforce the Ante-Nuptial Agreement in this proceeding, an accounting of the assets as requested in Interrogatory No. 17 is proper under the Trial Rules.

**Interrogatory No. 19**: 19.   List all liabilities of the Estate of Robert Kozlowski.

Your answer was "Unknown at this time." It has come to our attention that Defendant has filed suit on behalf of the Estate seeking to recover outstanding debt(s). Therefore, this answer is inaccurate and untruthful. We request that it be amended to accurately answer the interrogatory.

### Plaintiff's First Request for Production to Defendant

**Request #1**: Please produce a copy of any prenuptial agreement by and between Defendant and Robert Kozlowski.

Your production does not include Exhibits A or B to the Ante-Nuptial Agreement. Since these exhibits are a part of the Agreement, please produce them.

**Request #3**: Please produce a copy of any and all wills of Robert Kozlowski signed prior to April 30, 2007.

You objected to relevancy. This response is insufficient under the Trial Rules. Furthermore, you stated that, notwithstanding said objection, no wills are in the possession, custody, or control of Defendant. The Trial Rules require an affirmative action on the part of the Defendant to secure requested documents if the Defendant knows, or reasonably should have known, the location of the documents. Therefore, we request that Susan contact all her attorneys including without limitation Thrapp & Thrapp and produce the documents subject to this Request for Production.

**Request #12**: Please produce all medical records of Robert Kozlowski.

You objected on the basis that Defendant does not possess any medical records. Medical records are defined broadly under Indiana law and include billing statements, prescriptions, etc. that are commonly sent or given to a patient and patient's family. Counsel for Plaintiff finds it

inconceivable that Defendant has failed to keep one single document that relates to decedent's extensive and protracted illness. Please supplement this response accordingly.

I have provided supplemental interrogatories that attempt to clear up any alleged confusion that may exist as to our first set of discovery. I look forward to amicably resolving all discovery disputes during our conference call, but reserve the right to file a Motion to Compel should you fail to answer and produce the requested information.

Very truly yours,

**RAMEY & HAILEY**

Justin W. Leverton

JWL/dc
cc: Peter L. Obremskey

May 25, 2010

William W. Knowles
Knowles & Associates
811 S. Range Line Road
Carmel, IN 46032

   ***Re: Estate of Robert Kozlowski Discovery Dispute Proposed Conference Call.***

Dear Mr. Knowles:

  On May 3, 2010, I sent you the attached letter, marked as Exhibit 1, addressing the numerous inadequacies of your responses to Plaintiff, Steven Kozlowski's First Set of Interrogatories and Requests for Production of Documents. In that letter, I set forth why your interrogatories were inadequate under the Indiana Trial Rules as well as a demand that your discovery responses comport with Indiana law. I also requested a conference call to attempt to amicably resolve our discovery disputes, but you have failed to respond to me. As a courtesy, I served Plaintiff's Supplemental Interrogatories to Defendant Susan Kozlowski on May 3, 2010 in an attempt to clear up the alleged confusion contained in my first set of discovery.

  On May 18, 2010, my assistant Deb Carter contacted Lee in your office to set up a conference call with you to once again attempt to resolve our discovery dispute. Your employee informed us that she could not set up a conference call, but that your office would get back with us. You have never responded.

  With your office's failure to respond to my conference call requests, I am running short on options to resolve these discovery disputes without judicial intervention. Please contact me this week at (317)-582-0000 to conduct a conference call resolving our dispute. I am available Wednesday, May 26, 2010 between 11:00 A.M. and 1:00 P.M. EST; Thursday, May 27, 2010 between 9:30 A.M. - 11:00 A.M. EST; and Friday, May 28, 2010 between 9:00 A.M. - 11:30 A.M. EST. I would respectfully remind you that your answers to our Supplemental Interrogatories are due on or before June 3, 2000. Thank you for your time.

             Very truly yours,

             **RAMEY & HAILEY**


             Justin W. Leverton

Enclosure

June 2, 2010

William W. Knowles
Knowles & Associates
811 S. Range Line Road
Carmel, IN 46032

*Re: Estate of Robert Kozlowski*

Dear Mr. Knowles:

This letter is in regards to our request to amicably resolve our discovery disputes. We have sent several letters requesting a conference call to address these issues without getting the Court involved. You have not responded to any of these letters. Therefore, we are setting up a conference call on June 8, 2010 at 10:00 a.m. EST. The call-in number is (605) 477-3000 and your access code is 163079. Please attend.

During the conference call, we would like to discuss the following discovery disputes:

Production of Documents

- Exhibits "A" and "B" to the Ante-Nuptial Agreement. These documents were requested pursuant to Plaintiff's Request for Production #1.
- Medical Records of Robert Kozlowski. These documents were requested pursuant to Plaintiff's Request for Production #12.

Interrogatories

- Current Address of Jessica Horwitz and Zachary Horwitz. This information is discoverable because they are parties to this suit and Susan has knowledge of their whereabouts. This information was requested pursuant to Plaintiff's First Set of Interrogatories #2 and Plaintiff's Supplemental Interrogatories #2.
- List of any medication that Robert Kozlowski was taking when he signed the Last Will and Testament dated April 30, 2007. This information is discoverable because it shows Robert's mental state at the time he purportedly signed the will dated April 30, 2007. This information was requested pursuant to Plaintiff's First Set of Interrogatories #11 and Plaintiff's Supplemental Interrogatories #8.

- List of all non-probate assets owned by Robert Kozlowski on the date of his death. This information is discoverable because the assets should have been distributed in accordance with the Ante-Nuptial Agreement. Susan is liable to Robert's heirs, devisees, and legatees for all violations of the Ante-Nuptial Agreement and the wrongful conversion of property therewith. This information was requested pursuant to Plaintiff's First Set of Interrogatories #17 and Plaintiff's Supplemental Interrogatories #10.
- List of all assets owned by Robert Kozlowski at the time of his death that were held in the following forms of ownership: tenancies by the entirety, tenancy in common, or joint tenancy. This information is discoverable because Susan may have converted Robert's probate assets and "separately owned" property (as defined in the Ante-Nuptial Agreement) into co-tenancy property to avoid the application of the Ante-Nuptial Agreement, Indiana intestacy laws, and/or any wills executed prior to April 30, 2007. Susan is liable to Robert's heirs, devisees, and legatees for any wrongful conversion of Robert's property. This information was requested pursuant to Plaintiff's First Set of Interrogatories #18 and Plaintiff's Supplemental Interrogatories #11.
- List of all gifts of assets made by Robert Kozlowski to Defendant, Susan Kozlowski, between June 17, 2004 and October 15, 2009 whose value exceeds $1,000.00. This information is discoverable because such a list delineates the difference between Robert's property that was rightfully transformed by Robert into community property and property wrongfully converted by Susan into co-tenancy property. This information was requested pursuant to Plaintiff's Supplemental Interrogatories #13.

If you do not participate in this conference call or produce/answer the requested information, we will be forced to file a Motion to Compel. Obviously, such an action is not in the best interest of anyone. I look forward to speaking with you during our conference call.

Very truly yours,

**RAMEY & HAILEY**

Justin W. Leverton

JWL/dc

June 8, 2010

Daniel K. Dilley
Knowles & Associates
811 S. Range Line Road
Carmel, IN 46032

  *Re:* *Robert Kozlowski Matter*

Dear Mr. Dilley,

  Thank you for attending the conference call this morning regarding our discovery dispute. Pursuant to our call, you have represented to us that neither your office nor Ms. Kozlowski has the following documents:

- Exhibits "A" and "B" to the Ante-Nuptial Agreement;
- Any Medical records of Robert Kozlowski.

  We have agreed to provide you with Exhibit "A" of the Ante-Nuptial Agreement, since it has recently arrived in our possession. You have also stipulated that Ms. Kozlowski has no objections to the manner and method of service on Jessica Horwitz. You have not conceded to the propriety of service on Zachary Horwitz; however, you have agreed to provide me the current address of same by the end of today.

## Information Requested in Plaintiff's Interrogatories
## Not Provided by Defendant

  You have informed me that the following information is not being provided by Defendant, Susan Kozlowski, due to counsel's objection. That information is as follows:

(1)  A list of medications that Robert Kozlowski was taking as remembered by Susan Kozlowski. However, you indicated that Susan Kozlowski is amenable to signing release forms as to Robert Kozlowski's medical records.

(2)  A list of all non-probate assets owned by Robert Kozlowski on the date of his death.

(3) list of all assets owned by Robert Kozlowski at the time of his death that were held in the following forms of ownership: tenancies by the entirety, tenancy in common, or joint tenancy.

(4) All gifts of assets made by Robert Kozlowski to Defendant, Susan Kozlowski, between June 17, 2004 and October 15, 2009 whose value exceeds $1,000.00.

You agreed to contact me by the end of today regarding the production of documents listed in the Subpoena Duces Tecum of Susan Kozlowski. Specifically, those documents are "[a]ll documents relating to the assets of the Estate of Robert Kozlowski including without limitation financial statements, bank records, asset lists, titles of personalty and realty, and insurance policies."

Because we have failed to resolve our outstanding discovery dispute, we anticipate filing a Motion to Compel prior to the deposition of Susan Kozlowski. As always, feel free to contact me if you wish to resolve these issues amicably prior to judicial involvement.

Very truly yours,

**RAMEY & HAILEY**

Justin W. Leverton

JWL/dc