IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| STEVEN ROBERT KOZLOWSKI | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | CASE NO. 1:10-cv-1538-RLY-MJD |
| | ) | |
| SUSAN M. KOZLOWSKI, | ) | |
| Defendant. | ) | |

**REPLY BRIEF IN SUPPORT OF MOTION TO DISMISS**

Defendant, Susan M. Kozlowski, ("Susan" or Mrs. Kozlowski"), by counsel, for her Reply Brief in Support of her Motion to Dismiss the Complaint against her filed by the Plaintiff, Steven Robert Kozlowski ("Steven"), alleges and states:

I.
**INTRODUCTION**

Plaintiff's "Response Brief in Opposition to Defendant's Motion to Dismiss" (Dkt. 16, "Response") fails to overcome the jurisdictional, legal and policy reasons for dismissal as fully set forth in Mrs. Kozlowski's "Motion to Dismiss" (Dkt. 12, "Motion") and "Memorandum in Support of Motion to Dismiss (Dkt. 13, "Memorandum"). The primary dispute in both the State Court Action and the Federal Court Action concerns Steven's contention that he should receive substantially all of Robert's assets and Steven's claims regarding the validity and enforcement of certain documents including a will, a codicil to that will, earlier will and a prenuptial agreement that all address disposition of those assets. Steven's argument in his Response that he is without adequate remedy in the State Court Action is unsupported and in error. This Court should not permit Steven to proceed with two claims in two courts at the same time.

Steven and Susan are parties in both the State Court Action and in this action.[1] The operative facts plead by Steven in the State Court Action and this action are substantially the same. A comparison of the two complaints was attached as Exhibit B to the Motion. In both actions, the courts are asked to adjudicate the respective rights and entitlements of Susan and Steven to the assets of Robert. The same property or "res" is at issue in both actions.

The relief sought in the two actions is also substantially the same.[2] Steven argues in his Response that his remedies in the State Court Action are limited. This argument ignores the fact that Steven had the opportunity to assert his tort claim in the State Court Action. Both actions ask the court to award Steven all or substantially all of Robert's assets. *See* Exhibit B to the Motion. The adjudication of one case will have a substantial and direct affect on the adjudication of the other.

## II.
## ARGUMENT

### A. INDIANA LAW DOES NOT PERMIT STEVEN'S INDEPENDENT TORT CLAIM.

Indiana law requires Steven to bring his claim for tortious interference with an inheritance in the pending probate proceeding. Steven has an adequate opportunity to pursue the same remedy he seeks in this case in the pending his will contest in state court. Indeed, Steven has already made the same request for damages and imposition of a constructive trust in the Will

---

[1] Susan's children, Jessica Horwitz and Zachary Horwitz are also named as defendants in the Will Contest Action to answer for any interest they may have in the Estate of Robert Kozlowski.

[2] Steven seeks primarily money damages in this action, but seeks the value of all of his father's assets (which are primarily in the form of accounts held in financial institutions) in the Will Contest Action. Steven seeks essentially all of Robert's probate and non probate assets by seeking to set aside the Will and Codicil, enforcing his reading of the Pre Nuptial Agreement, and by seeking to reverse certain *inter vivos* gifts or transfers to Susan.

Contest Action. In his Reply, Steven describes discovery and court relief he obtained in the State Court Action pertaining to the same alleged non probate assets he seeks to have this Court adjudicate. Response p. 3. He should not be permitted to pursue a separate federal court action seeking the same or similar remedies against the same party.

In his Response, Steven acknowledges that "Indiana appellate law is nearly silent on the tort of intentional interference with an inheritance." Response, p. 4. Nonetheless, Steven argues that in *Minton v. Sackett,* 671 N.E.2d 160 (Ind. App. 1996), the Court of Appeals adopted the Restatement (Second) of Torts § 774B (1979), which recognizes that the tort of intentional interference with an inheritance is a viable claim. Response, p. 5. The issue is not whether Indiana would permit a separate action outside of a probate proceeding to pursue a claim for tortious interference with an inheritance in the abstract, but whether Steven may pursue such a claim in this court having already initiated a will contest seeking essentially the same relief.

As explained in the Memorandum, the Indiana Court of Appeals in *Minton* held that "the remedies available under the will contest adequately provide for the damages sought in [the plaintiff's tort] complaint. The will contest provides an opportunity for [the plaintiff] to receive both consequential and compensatory damages…" *Minton*, 671 N.E.2d at 163. The Court of Appeals held that the trial court properly granted summary judgment against [the plaintiff] in her tort action, noting that [she] had an adequate opportunity to pursue relief for her claim of tortious interference with an inheritance in a will contest in the probate court and that claims of fraud and undue influence were made in both cases. *Id.* Importantly, the court held: "We cannot allow [the plaintiff] a second bite at the apple by allowing her to seek the same type of damages in a tort action." *Id.* Similarly, here, Steven has an adequate opportunity to assert his tort claim in the State Court Action and should be required to pursue the relief he seeks in the ongoing will

contest proceedings. Whether *Minton* could be cited to support an independent action for tortious interference with an inheritance in an instance where there was no opportunity for the plaintiff to bring a will contest is irrelevant because Steven **has initiated** a will contest in state court and has a full and fair opportunity to pursue his tort and other claims against Susan there.

Additionally, Steven cites *Newsom v. Estate of Haythorne*, 122 N.E.2d 149 (Ind.App. 1954) to support his argument that "Susan is liable to Steven to the extent she tortiously deprived Steven of receiving his full inheritance and such assets must be held in constructive trust." Response, p. 5. As also explained in the Memorandum, in *Newsom*, no will contest remedy was available to the plaintiff. 122 N.E.2d at 151. As explained above, Steven seeks the same constructive trust remedy in both actions. *Newsom* does not support the right of a plaintiff to seek the same remedy in two different courts.

Steven also cites and relies on *Keith v. Dooley*, 802 N.E.2d 54 (Ind.App. 2004). Steven describes *Keith* as "[t]he seminal case for understanding Indiana law on tortious interference with inheritance." Response, p. 6. Steven acknowledges that even under his reading of *Keith*, tortious interference with an inheritance may be alleged only "when the victim's will contest remedies are inadequate." Response, p. 6. In *Keith*, the Indiana Court of Appeals affirmed a trial court's Rule 12(B)(8) dismissal on grounds that the same action was pending in another court. *Keith*, 802 N.E.2d at 58. The *Keith* court noted that "one of two contemporaneous lawsuits [must] be dismissed where the parties, subject matter, and remedies are substantially the same in both actions." *Id.* at 56 (citing *Cinergy Corp. v. St. Paul Surplus Lines Ins. Co.*, 785 N.E.2d 586, 590 (Ind.App. 2003), *trans. denied*).

In *Keith*, the court explained that the determinative factor is "whether the contestant has an opportunity to pursue the remedy" in a will contest that he also seeks in the separate tort

action. *Id.* at 58 (citing *Minton*, 671 N.E.2d at 163) (emphasis added). Steven argues that the "will contest remedy is clearly inadequate under the standard set forth in *Keith*." Response, p. 7. Steven misses the point. "The adequacy of a remedy is not dependent upon whether a will contestant prevails, but upon whether the contestant has an opportunity to pursue the remedy." *Id.* The State Court Action provides him an opportunity to pursue his tort remedy and seek a constructive trust on essentially all of Robert's assets, thus this action should be dismissed.

Here, there is no dispute that Susan and Steven are parties in both actions and the subject matter and relief sought in the two actions are substantially similar. Both actions concern the Last Will and Testament of Robert Kozlowski and the affect (if any) of a Prenuptial Agreement between Susan and Robert. The adjudication of one case will have a substantial and direct affect on the adjudication of the other, as both courts will be called up to consider the same evidence and adjudicate the same legal issues. Thus, although Indiana T.R.12(B)(8) does not supply the rule of law here because this situation does not involve two cases in Indiana state courts, its reasoning is compelling.[3]

---

[3] Steven does not refute the principle underlying Rule 12(B)(8) that "two courts may not simultaneously exercise jurisdiction over what amounts to the same case." *Centex Home Equity Corp. v. Robinson,* 776 N.E.2d 935, 945 (Ind.App. 2002); *accord Beatty v. Liberty Mut. Ins. Group,* 893 N.E.2d 1079, 1087 (Ind.App. 2008); *Kozlowski v. Dordieski,* 849 N.E.2d 535, 537 (Ind. 2006). As discussed above, and demonstrated in <u>Exhibit B</u> to the Motion, the parties, allegations and remedies in the State Court Action and the Federal Court Action are substantially the same, and whether Indiana or federal law is applied, there is no basis to allow a plaintiff to pursue essentially the same case in two courts.

### B. FEDERAL LAW DOES NOT PERMIT STEVEN'S INDEPENDENT TORT CLAIM.

#### 1. The Federal Probate Exception Precludes the Exercise of Federal Jurisdiction Over Steven's Tort Claim.

Again, Steven argues against dismissal of this action on the grounds that his remedies under the will contest are inadequate. As shown above and in the Memorandum, Steven pleads the same operative facts and claims that he, not Susan, should receive substantially all of Robert's assets. The "probate exception" to federal jurisdiction does not permit Steven to maintain two cases with respect to the same estate.

In *Marshall v. Marshall*, 547 U.S. 293 (2006), the United States Supreme Court merely clarified that:

> [T]he probate exception reserves to state probate courts the probate or annulment of a will and the administration of the decedent's estate; it also precludes federal courts from endeavoring to dispose of property that is in the custody of a state probate court. But it does not bar federal courts from adjudicating matters outside those confines and otherwise within federal jurisdiction.

547 U.S. at 312. The Court held that the probate exception prohibits federal courts from adjudicating claims concerning property that is already in the custody of the state probate court, but does not preclude adjudication of other claims. *Id.* The case should be dismissed because it falls squarely within the confines of the probate exception. Steven argues (Response p. 9) erroneously that *Marshall* allows multiple actions in a situation much like his.

Steven does not dispute the fact that his allegations in the federal complaint [Dkt. 1] concern the validity or invalidity of the same Will and Codicil that have been admitted to probate in the Boone Superior Court 1. *See* Dkt. 1 at paras. 57, 84, 86 88-90. Steven's allegations in this federal court complaint challenge the validity of a will already admitted to probate, a proposed alternative will, and the adjudication of property within the custody of the state probate court.

*Marshall,* 547 U.S. at 312. Steven claims that his Will Contest Action does not provide an adequate remedy because some of the property at issue passed outside the 2007 Will and Codicil admitted to probate, and thus that property is not within the jurisdiction of the probate court. Dkt. 1, paras. 91, 93.[4] However, Steven seeks to have that Will and Codicil set aside and to have all of Robert's property given to him under various legal and equitable theories. Dkt. 1, pp. 11-12. Steven has not rebutted that he has already made the **same allegations** in his Will Contest Action. *See, e.g.,* Ex. B at paras. 47-74. Robert's claims for relief in the Will Contest clearly encompass the same relief he seeks in this action, and thus his contention that he must be given a "second bite at the apple" (*Minton,* 671 N.E.2d at 163) cannot be sustained.

As in *Struck v. Cook Co. Pub. Guardian*, Steven is attempting to litigate matters in a federal court concerning the same "*res*" over which the state court is already exercising control, *See Struck*, 508 F.3d 858, 859 (7th Cir. 2007) (Plaintiff seeking to litigate same *res*, *i.e.,* the plaintiff's right to access to his mother and her assets, in both actions). Mrs. Kozlowski respectfully requests that this Court find that Steven's federal complaint represents nothing more than re-labeling of legal theories based on the same operative facts and fundamental claims to relief with respect to the same property. Thus, the probate exception and related policy considerations should cause this Court to dismiss this action.

### 2. This Court Should Abstain from Exercising Federal Jurisdiction in this Case on the Grounds of Wise Judicial Administration and Related Policy Considerations.

This Court may also abstain from the exercise of federal jurisdiction because of the state law and policy regarding probate matters at issue in this case. *See Colorado River Water*

---

[4] Steven makes similar allegations regarding Robert and Susan's Pre Nuptial Agreement, and specifically that Susan acted improperly to obtain property that passed both under and outside the Will contrary to Robert's purported testamentary intent. Dkt. 1, paras. 95-98.

*Conserv. Dist. v. United States,* 424 U.S. 800, 813-14 (1976).[5] There can be little doubt that states have a substantial interest in determining their own policies and procedures for handling matters concerning the testate and intestate inheritance and the administration of decedent's estates. *See Marshall*, 547 U.S. 293, and *Struck*, 508 F.3d 858.

In the Response, Steven contends that "it would be reversible error to dismiss this case under any abstention doctrine," because the Court has diversity jurisdiction. Response, p. 9. Considerations of abstention and comity are grounds on which federal courts decline to exercise jurisdiction even when the court has diversity jurisdiction. *Colorado River,* 424 U.S. at 813-14. Thus, Steven fails to address this Court's prerogative to refrain from adjudicating this case where there is concurrent federal-state jurisdiction on the principles of "wise judicial administration" set forth in *Colorado River.* 424 U.S. at 817.

The *Colorado River* analysis has two steps. First, is a determination whether the concurrent state and federal proceedings are parallel. *Caminiti & Iatarola, Ltd. v. Behnke Warehousing, Inc.,* 962 F.2d 698, 700 (7th Cir. 1992) (affirming abstention by federal court in dispute involving attorneys' fees in probate proceeding).[6] If so, the second step is consideration

---

[5] This is not a motion to dismiss brought pursuant to Fed.R.Civ.P. 12(b)(6) (*see* Steven's discussion at Response pp. 3-4), and the standards for abstention or stay are set forth in *Colorado River,* 424 U.S. 813-14, and subsequent cases such as *Tyrer v. City of South Beloit,* 456 F.3d 744, 752 (7th Cir. 2006).

[6] As discussed above, state and federal proceedings need not be identical to be parallel. Rather, proceedings are parallel "when substantially the same parties are contemporaneously litigating substantially the same issues in another forum." *Tyrer,* 456 F.3d at 752.

of ten non-exclusive factors[7] to determine whether the circumstances warrant abstention. *Id.* at 701. As explained in the Memorandum, the state court's prior assumption of jurisdiction over the probate estate; the desirability of avoiding piecemeal litigation; Indiana's substantial and important interests in its adjudication of probate-related matters; the adequacy of State Court Action to grant relief to the plaintiff; the federal policy considerations underlying the probate exception, as well as the prospect that the question at issue should be determined by the Indiana Supreme Court or the Indiana Legislature, among other factors,[8] all converge in this case and lead to the conclusion that this action should be dismissed, and Steven should pursue his claims in the pending Will Contest Action in the Boone Superior Court.

## III.
## CONCLUSION

For all the foregoing reasons, this action should be dismissed.

---

[7] The *Colorado River* analysis requires examining and balancing ten non-exclusive factors identified by the Seventh Circuit: (1) whether the state has assumed jurisdiction over the property at issue; (2) the inconvenience of the federal forum; (3) the desirability of avoiding piecemeal litigation; (4) the order in which jurisdiction was acquired by the concurrent forums; (5) the source of governing law, state or federal; (6) the adequacy of the state-court action to protect the federal plaintiff's rights; (7) the relative progress of state and federal proceedings; (8) the presence or absence of concurrent jurisdiction; (9) the availability of removal; and (10) the vexatious or contrived nature of the federal claim. *Tyrer,* 456 F.3d at 754. "No one factor is necessarily determinative; a carefully considered judgment taking into account both the obligation to exercise jurisdiction and the combination of factors counseling against that exercise is required." *Colorado River,* 424 U.S. at 818-19; *see also Tyrer,* 456 F.3d at 754. With the exception of factor (2), inconvenience of the federal forum, which does not affect either party, all of the factors weigh in favor of abstention here. *See also* discussion of ten factors in *Ingalls v. AES Corp.*, 2008 WL 896196 (7th Cir. 2008) (unpublished) (applying Indiana law).

[8] The harassing, vexatious and personal nature of the claims against Susan in the Federal Court Complaint should not be overlooked when considering the abstention factors. *See Tyrer,* 456 F.3d at 754.

Respectfully submitted,

/s/ Judy L. Woods
Judy L. Woods (Atty. No. 11705-49)
Curtis T. Jones (Atty. No. 24967-64)

Attorneys for Susan M. Kozlowski

BOSE McKINNEY & EVANS LLP
111 Monument Circle, Suite 2700
Indianapolis, IN 46204
(317) 684-5000
(317) 684-5173 fax
jwoods@boselaw.com

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a copy of the foregoing has been served upon the following counsel of record via the Court's electronic filing system this 28th of February, 2011.

| | |
|---|---|
| Richard D. Hailey | Rich@rameyandhaileylaw.com |
| Justin W. Leverton | Justin@rameyandhaileylaw.com |
| RAMEY & HAILEY | |
| 9333 N. Meridian Street, Suite 105 | |
| Indianapolis, IN 46260 | |

/s/ Judy L. Woods
Judy L. Woods

1838195_1