IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| STEVEN ROBERT KOZLOWSKI, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | CASE NO: 1:10-cv-1538-RLY-MJD |
| | ) | |
| SUSAN M. KOZLOWSKI, | ) | |
| | ) | |
| Defendant. | ) | |

## CASE MANAGEMENT PLAN

I. **Parties and Representatives**

    Plaintiff:    Steven Robert Kozlowski

    Counsel:    Richard Hailey
                   Justin W. Leverton
                   RAMEY & HAILEY
                   9333 N. Meridian Street, Suite 105
                   Indianapolis, IN 46260
                   Telephone: (317) 582-0000
                   Facsimile: (317) 582-0800
                   Email: rich@rameyandhaileylaw.com
                   Email: justin@rameyandhaileylaw.com

    Defendant:   Susan M. Kozlowski

    Counsel:    Judy L. Woods
                   Raegan M. Gibson
                 BENESCH FRIEDLANDER COPLAN & ARONOFF, LLP
                 One American Square, Suite 2300
                 Indianapolis, Indiana 46282
                 Telephone: (317) 632-3232
                 Facsimile: (317) 632-2962
                 Email: jwoods@beneschlaw.com
                 Email: rgibson@beneschlaw.com

## II. Synopsis of Case

### A. Plaintiff's Synopsis of Case

Plaintiff Steven Robert Kozlowski ("Steven") brings this action against his father's second wife, Defendant Susan Kozlowski ("Susan") to recover the approximately $11 million in assets of his father, Robert Kozlowski, that are rightfully his. In 1988 and 2001, Robert Kozlowski executed a will leaving substantially all of his estate to his only child Steven. Before marrying Susan in 2004, Robert executed a prenuptial agreement so that Steven--and not Susan--would get Robert's assets upon death. After Robert became sick with a terminal disease in 2005, Susan began a deliberate effort to circumvent the 2001 Will and the prenuptial agreement by having Robert execute a new will that cut Steven out of his inheritance and converting Robert's probate property into non-probate property to avoid the effect of a successful will contest. Steven enjoyed an excellent relationship with his father and Susan's claims that he and his father had a falling out are without merit. The only individuals that claim that Robert and Steven had a poor relationship are: (1) the defendant; and (2) those individuals that benefit financially from Susan (i.e. her financial advisors with whom she has accounts). On the other hand, scores of individuals will testify that Steven enjoyed a great relationship with his father, witnessed this relationship from Steven's birth to Robert's death, and all such witnesses have no "skin in the game." Furthermore, Susan's veracity is seriously in question as Steven has alleged in the Boone County will contest proceedings that Susan has repeatedly committed perjury by lying under oath about the existence of the 2001 "Missing" will (i.e. she claimed she had no idea about the 2001 Will when, in fact, she

did). The hearing on the perjury allegations will occur soon. Plaintiff will provide this Court with the pleadings and transcript from the perjury hearing.

Jurisdiction is based on diversity as Susan is a resident of Indiana and Steven is a resident of Florida. The amount in controversy exceeds $75,000. Plaintiff believes that his claim for tortious interference with his inheritance is properly pending in this Court because the claim is cognizable under Indiana law, his Boone County will contest remedies are inadequate since the majority of Robert's assets are non-probate, and no federal abstention doctrine applies. Accordingly, this Court, sitting in diversity, should hear his claim.

**B.     Defendant's Synopsis of Case**

Defendant, Susan M. Kozlowski, is the Personal Representative of the Estate of Robert Kozlowski, Deceased. Robert and Susan were married in 2004. Robert's only child is Steven, who is an attorney practicing in Florida. In 2005, Robert was diagnosed with Non Hodgkin's Lymphoma. Robert continued an active life throughout most of 2005-2009, and died of the disease on October 15, 2009. After Robert divorced his first wife (Stephen's mother) in 1993, he executed a will in 2001 that left everything to Steven and named Steven as the personal representative. In 2007, Robert and Susan executed mutual wills, and Robert left most of his probate assets to Susan and named her as personal representative. Robert's 2001 and 2007 Wills were prepared by attorney Douglas Atz. The 2007 Will was Robert's last will and testament and was admitted to probate in Boone County Superior Court on November 24, 2009, along with a 2008 Codicil to the 2007 Will.

Steven contends Robert was too ill to travel to Kendallville, Indiana to execute the 2007 Will, and the document was falsified by the witnesses and Susan. Kristen King and Douglas Atz testified in March 2011 at depositions that they were present with Robert and Susan in Kendallville, Indiana on April 30, 2007, and saw Robert sign the 2007 Will in their presence. Steven contends Robert was unable to act for himself and Susan took advantage of Robert and controlled his affairs. No evidence supports Steven's allegations, and in fact, the evidence shows that Robert continued to manage his own business, financial and personal affairs right up until his death in October 2009.

Susan did not exert influence over Robert's decisions about his estate or other financial or business matters, except that Susan urged Robert not to leave Steven out of his will. Robert's personal financial advisor, Michael Axel, has also given deposition testimony regarding Robert's voluntary and independent transfer of certain non probate assts to Susan before Robert's death. Steven admitted at his deposition that he saw his father infrequently between 2005 and 2009, did not know what medication, if any, his father was taking, and had limited knowledge of his father's condition and intentions. Steven is unwilling to accept that he and his father had a falling out, and that Robert wanted to leave his assets to his wife Susan, not Steven.

Susan has moved to dismiss this action [Dkt. 12-13] (1) because Indiana law does not permit Steven to pursue his tort claim independent from the pending will contest and (2) because this action is essentially an alternative legal theory for seeking the same relief Steve seeks in the pending probate action and thus this Court does not have, or should decline to exercise, jurisdiction over this action. Under the Federal Probate Exception this Court should dismiss this action for lack of federal subject matter jurisdiction.

Alternatively, this Court should abstain from exercising jurisdiction under the principles of wise judicial administration and related policy considerations.

III. **Pretrial Pleadings and Disclosures**

   A. The parties shall serve their Federal Rule of Civil Procedure 26 initial disclosures on or before **July 29, 2011.**[1]

   B. Plaintiff shall file preliminary witness and exhibit lists on or before **August 29, 2011.**

   C. Defendant shall file preliminary witness and exhibit lists on or before **September 29, 2011.**

   D. All motions for leave to amend the pleadings and/or to join additional parties shall be filed on or before **August 29, 2011.**

   E. Plaintiff shall serve Defendant (but not file with the Court) a statement of special damages, if any, and make a settlement demand, on or before **August 29, 2011.**

   F. Plaintiff shall disclose the name, address, and vita of all expert witnesses, and shall serve the report required by Fed. R. Civ. P. 26(a)(2)(B) on or before **February 29, 2012.** However, if Plaintiff uses expert witness testimony at the summary judgment stage, such disclosures must be made no later than 60 days prior to the summary judgment deadline.

   G. Defendant shall disclose the name, address, and vita of all expert witnesses, and shall serve the report required by Fed. R. Civ. P. 26(a)(2)(B) on or before **March 29, 2012.** However, if Defendant uses expert witness testimony at the summary judgment stage, such disclosures must be made no later than 30 days prior to the summary judgment deadline.

   H. Any party who wishes to limit or preclude expert testimony at trial shall file any such objections on or before May 25, 2012. Any party who wishes to preclude expert witness testimony at the summary judgment stage shall file any such objections with their responsive brief within the briefing schedule established by Local Rule 56.1.

---

[1] As stated *supra*, there is a motion to dismiss pending in this matter. The pendency of this motion, along with the related briefing, has caused a delay in litigation activity in this matter. As a result of this delay, under the standard case management plan calculations, certain deadlines have already lapsed. To account for this delay, the parties have added an additional four months to all standard case management plan calculations in paragraphs A through E and an additional three months to all standard case management plan calculations in the remaining paragraphs, as applicable.

5

> The list of final witnesses shall include a brief synopsis of the expected testimony and counsel's certification that the witness has been interviewed and/or deposed.

I.  All parties shall file and serve their final witness and exhibit lists on or before **March 29, 2012**.

J.  Any party who believes that bifurcation of discovery and/or trial is appropriate with respect to any issue or claim shall notify the Court as soon as practicable.

K.  The parties have discussed preservation and disclosure of electronically stored discovery information, including a timetable for making the materials available to the opposing party. Electronically stored documents will be produced in .pdf or such other format to which the parties may agree, although electronically stored documents are not expected to be a significant factor in discovery in this case. With respect to inadvertent disclosure, the parties will include non-waiver provisions in a proposed protective order which they will submit to this Court for approval.

## IV. Discovery and Dispositive Motions

A.  Likelihood of Summary Judgment

Plaintiff: Plaintiff does not anticipate filing dispositive motions at this time.

Defendant: Defendant may file a motion to complete or partial summary judgment based on the Plaintiff's failure to state a claim recognized by Indiana law and based on discovery that demonstrates Plaintiff has no factual or legal basis for his claims regarding Susan's alleged undue influence over Robert or other alleged wrongful conduct.

> Absent leave of court, and for good cause shown, all issues raised on summary judgment under Fed.R.Civ.P. 56 must be raised by a party in a single motion

B.  Discovery[2] and Dispositive Motions[3]

Track Two: Dispositive motions are expected and shall be filed by January **29, 2012**; non-expert witness discovery and discovery relating to liability issues shall

---

[2] The term "completed," as used in Section IV.B, means that counsel must serve their discovery requests in sufficient time to receive responses before this deadline. Counsel may not serve discovery requests within the 30-day period before this deadline unless they seek leave of Court to serve a belated request and show good cause for the same. In such event, the proposed belated discovery request shall be filed with the motion, and the opposing party will receive it with service of the motion but need not respond to the same until such time as the Court grants the motion.

[3] Absent leave of court, and for good cause shown, all issues raised on summary judgment under Fed. R. Civ. P. 56 must be raised by a party in a single motion.

> If the required conference under Local Rule 37.1 does not resolve discovery issues that may arise, the parties will request a telephonic status conference prior to filing any disputed motion to compel or for protective order.

be completed by **December 29, 2011**; expert witness discovery and discovery relating to damages shall be completed by **May 18, 2012**. Absent leave of Court, and for good cause shown, all issues raised on summary judgment under Fed. R. Civ. P. 56 must be raised by a party in a single motion.

### Pre-Trial/Settlement Conferences

The parties do not deem it necessary to hold an initial conference at this time. Should they determine that such conference is necessary, they will contact the Court.

### VI. Trial Date

A trial is requested in **August 2012**. The trial is by jury and anticipated to take five days.

### VII. Referral to Magistrate Judge

The parties have consented to referral to the Magistrate Judge.

### VIII. Required Pre-Trial Preparation

    A. **Two weeks before the final pretrial conference, the parties shall:**

        1. File a list of witnesses who are expected to be called to testify at trial.

        2. Number in sequential order all exhibits, including graphs, charts and the like, that will be used during the trial. Provide the Court with a list of these exhibits, including a description of each exhibit and the identifying designation. Make the original exhibits available for inspection by opposing counsel. Stipulations as to the authenticity and admissibility of exhibits are encouraged to the greatest extent possible.

        3. Submit all stipulations of facts in writing to the Court. Stipulations are always encouraged so that at trial, counsel can concentrate on relevant contested facts.

        4. A party who intends to offer any depositions into evidence during the party's case in chief shall prepare and file with the Court and copy to all opposing parties a document which lists the portions of the deposition(s), including the specific page and line numbers, that will be read, or, in the event of a video-taped deposition, the portions of the deposition that will be played, designated specifically by counter-numbers.

        5. Provide all other parties and the Court with any trial briefs and motions in limine, along with all proposed jury instructions, voir dire questions, and areas of inquiry for voir dire (or, if the trial is to the Court, with proposed findings of fact and conclusions of law).

6. Notify the Court and opposing counsel of the anticipated use of any evidence presentation equipment.

**B. One week before the final pretrial conference, the parties shall:**

1. Notify opposing counsel in writing of any objections to the proposed exhibits. If the parties desire a ruling on the objection prior to trial, a motion should be filed noting the objection and a description and designation of the exhibit, the basis of the objection, and the legal authorities supporting the objection.

2. If a party has an objection to the deposition summary or to a designated portion of a deposition that will be offered at trial, or if a party intends to offer additional portions at trial in response to the opponent's designation, and the parties desire a ruling on the objection prior to trial, the party shall submit the objections and counter summaries or designations to the Court in writing. Any objections shall be made in the same manner as for proposed exhibits. However, in the case of objections to video-taped depositions, the objections shall be brought to the Court's immediate attention to allow adequate time for editing of the deposition prior to trial.

3. File objections to any motions in limine, proposed instructions, and voir dire questions submitted by the opposing parties.

4. Notify the Court and opposing counsel of requests for separation of witnesses at trial.

## IX. Other Matters

At this time, the parties do not have any other matters to bring to the Court's attention.

| Respectfully Submitted, | Respectfully Submitted, |
|---|---|
| s/ Richard Hailey | s/ Judy L. Woods |
| Richard Hailey | Judy L. Woods |
| Justin W. Leverton | Raegan M. Gibson |
| RAMEY & HAILEY | BENESCH FRIEDLANDER COPLAN & ARONOFF, LLP |
| 9333 N. Meridian Street, Suite 105 | |
| Indianapolis, IN 46260 | One American Square, Suite 2300 |
| Telephone: (317) 582-0000 | Indianapolis, Indiana 46282 |
| Facsimile: (317) 582-0800 | Telephone: (317) 632-3232 |

| Email: rich@rameyandhaileylaw.com<br>Email: justin@rameyandhaileylaw.com | Facsimile: (317) 632-2962<br>Email: jwoods@beneschlaw.com<br>Email: rgibson@beneschlaw.com |
|---|---|

APPROVED AND SO ORDERED.

Dated:

**DISTRIBUTION**

Richard Hailey
Justin W. Leverton
RAMEY & HAILEY
rich@rameyandhaileylaw.com
justin@rameyandhaileylaw.com

Judy L. Woods
Raegan M. Gibson
BENESCH FRIEDLANDER COPLAN & ARONOFF, LLP
jwoods@beneschlaw.com
rgibson@beneschlaw.com

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | |
|---|---|
| _____ | PARTIES APPEARED IN PERSON/BY COUNSEL ON _____ FOR A PRETRIAL/STATUS CONFERENCE. |
| X | APPROVED AS SUBMITTED. |
| _____ | APPROVED AS AMENDED. |
| _____ | APPROVED AS AMENDED PER SEPARATE ORDER. |
| _____ | APPROVED, BUT ALL OF THE FOREGOING DEADLINES ARE SHORTENED/LENGTHENED BY _____ MONTHS. |
| _____ | APPROVED, BUT THE DEADLINES SET IN SECTION(S) _____ OF THE PLAN IS/ARE SHORTENED/LENGTHENED BY _____ MONTHS. |
| _____ | THIS MATTER IS SET FOR TRIAL BY_____ ON _____. FINAL PRETRIAL CONFERENCE IS SCHEDULED FOR _____ AT _____.M., ROOM _____. |
| _____ | A SETTLEMENT/STATUS CONFERENCE IS SET IN THIS CASE FOR _____ AT _____.M. COUNSEL SHALL APPEAR: |
| | _____ IN PERSON IN ROOM _____; OR |
| | _____ BY TELEPHONE, WITH COUNSEL FOR INITIATING THE CALL TO ALL OTHER PARTIES AND ADDING THE COURT JUDGE AT (\_\_\_) _____; OR |
| | _____ BY TELEPHONE, WITH COUNSEL CALLING THE JUDGE'S STAFF AT (\_\_\_) _____; OR |
| _____ | DISPOSITIVE MOTIONS SHALL BE FILED NO LATER THAN January 29, 2012 |

Upon approval, this Plan constitutes an Order of the Court. Failure to comply with an Order of the Court may result in sanctions for contempt, or as provided under Rule 16(f), to and including dismissal or default.

APPROVED AND SO ORDERED.

Dated: 06/20/2011

Mark J. Dinsmore
United States Magistrate Judge
Southern District of Indiana

**DISTRIBUTION**

Richard Hailey
Justin W. Leverton
RAMEY & HAILEY
rich@rameyandhaileylaw.com
justin@rameyandhaileylaw.com

Judy L. Woods
Raegan M. Gibson
BENESCH FRIEDLANDER COPLAN & ARONOFF, LLP
jwoods@beneschlaw.com
rgibson@beneschlaw.com

6675996-1