UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| STEVEN ROBERT KOZLOWSKI, ) | |
| ) | |
| Plaintiff, ) | |
| vs. ) | NO. 1:10-cv-01538-MJD-RLY |
| ) | |
| SUSAN M. KOSLOWSKI, ) | |
| ) | |
| Defendant. ) | |

**Order on Motion to Dismiss**

This matter comes before the Court on Defendant Susan M. Kozlowski's ("Susan") Motion to Dismiss Plaintiff Steven R. Kozlowski's ("Steven") Complaint. [Dkt. 12]. For the following reasons, the Court hereby **DENIES** Susan's motion.

## I. Background

This case involves a dispute over the assets of Steven's father and Susan's husband, the late Robert Kozlowski ("Robert"). Robert was a successful businessman, accumulating assets estimated to be worth approximately $11,500,000. In 2004, Robert married Susan and the couple executed a prenuptial agreement that provided Susan, upon Robert's death, with $50,000 a year for the remainder of her life. In 2005, Robert was diagnosed with a rare form of non-Hodgkin lymphoma, but remained asymptomatic until 2006. From 2006 until Robert passed away on October 15, 2009, Robert underwent a variety of medical treatments and his health deteriorated.

According to Steven, before his father's illness, all of Robert's assets were solely in Robert's name. After his illness, however, much of his assets were converted into co-tenancy property and some of Robert's assets were transferred to Susan's children. At the time of his

1

death, Robert's probate estate was valued at $470,135.47. The co-tenancy property, estimated at around $11,000,000, passed directly to Susan.

Steven filed a will contest in the Boone County Superior Court in February 2010. On November 29, 2010, Steven filed this action based on diversity of citizenship under 28 U.S.C. § 1332. Susan does not dispute that the diversity prerequisites are met and both parties agree that Indiana substantive law provides the rules of decision in this dispute.

## II. Standard of Review

When reviewing a Motion to Dismiss under Federal Rule of Civil Procedure 12(b)(6), the court takes all of the factual allegation in the complaint as true. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). A complaint stating a plausible claim for relief survives a motion to dismiss. *Id.* at 1950. The court will dismiss the complaint only if it appears with certainty that the plaintiff cannot establish any set of facts that would entitle him to the relief sought. *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984).

## III. Discussion

In his Complaint, Steven brings claims for tortious interference with an inheritance, tortious interference with a contract, and a claim for punitive damages. [Dkt. 1 at 13-15]. In response Susan argues that: (1) Indiana law does not permit an independent tort claim for intentional interference with an inheritance; (2) the First Filed Principle and Indiana Trial Rule 12(B)(8) would prevent Steven from bringing his claim in an Indiana state court; (3) the federal probate exception precludes the exercise of federal jurisdiction; and (4) the Court should abstain from exercising federal jurisdiction[1]. [Dkt. 13].

---

[1] The Court notes that Susan's arguments for dismissal focus almost entirely on the tortious interference with an inheritance claim. As such, Susan's briefs are devoid of any significant arguments justifying the dismissal of the other claims. Consequently, the Court's decision regarding the remaining claims is without prejudice to Susan's rights to bring additional substantive arguments regarding the possible invalidity of such claims at a later date.

**A. Intentional Interference with an Inheritance as a Separate Claim**

Susan first argues that Indiana law requires Steven to bring his claim for tortious interference as part of the pending probate proceeding. [Dkt. 13 at 3]. Few Indiana cases discuss the tort of intentional interference with an inheritance. In *Minton v. Sackett*, the court adopted the Restatement approach, which states "'[o]ne who by fraud or tortious means intentionally prevents another from receiving from a third person an inheritance or gift that he would otherwise have received is subject to liability to others for the loss of the inheritance or gift.'" 671 N.E.2d 160, 162 (Ind. Ct. App. 1996) (quoting Restatement (Second) of Torts § 774 (1979)). The *Minton* court, however, prohibited a tort action "where the remedy of a will contest is available and would provide the injured party with adequate relief." *Id*; *see also Keith v. Dooley*, 802 N.E.2d 54, 57 (Ind. Ct. App. 2004). In recognizing the tort but restricting it to situations where a will contest provides an inadequate remedy, the *Minton* court sought to balance the competing goals of providing an injured party with a remedy and the goal of honoring the probate code, which provides that a will contest is the exclusive means to challenge a will. *Minton*, 671 N.E.2d at 162.

Susan argues that Steven has an adequate opportunity to pursue the same remedy he seeks in this case in the pending state court action. [Dkt. 22 at 2]. In his Complaint, however, Steven alleges that the probate court may not have authority over the non-probate assets; thus, depriving him of an adequate remedy in the state court will contest. [Dkt. 1 at 14 ¶ 91]. If, in fact, the probate court lacks jurisdiction over the non-probate assets, Steven's remedy in the will contest is limited to the probate assets of $470,135.47, which is far less than the estimated $11,000,000 value of the non-probate assets. In such a case, Steven could not be made whole for Susan's alleged fraudulent acts of converting Robert's assets into jointly held assets that passed

outside probate. Because Steven has alleged the necessary elements of his tort claim, including the inadequacy of a remedy in the will contest, his claim survives a motion to dismiss.[2]

**B. First Filed Principle and Indiana Trial Rule 12(B)(8)**

Next, Susan argues that Steven would not be able to bring his claims in an Indiana state court under the First-Filed Principle and the related Indiana Trial Rule 12(B)(8), which allows the pleader to file a motion to dismiss if "[t]he same action [is] pending in another state court of this state." Ind. T.R. 12(B)(8). In her reply brief, Susan acknowledges that Rule 12(B)(8) does not apply in federal courts, but nevertheless argues that its reasoning is compelling. [Dkt. 22 at 5].

Whether Rule 12(B)(8) applies in this case turns on whether the Rule is substantive law or procedural. *Gibson v. United States*, 631 F.3d 448, 450-51 (7th Cir. 2011). However, the Court need not undertake that analysis at this juncture because, even if Rule 12(B)(8) applied to this action as substantive law, the Rule would not require the Court to dismiss the claims. In *Keith*, the Indiana Court of Appeals affirmed the trial court's Rule 12(B)(8) dismissal. 802 N.E.2d at 58. The court explained that in determining whether two actions constitute the same action, courts should consider whether the parties, subject matter, and remedies are substantially the same in both actions. *Id.* at 56. Here, the parties are the same and the subject matters certainly overlap; however, Steven alleges that remedies in the will contest are inadequate. Accepting this allegation as true, the remedies available are not substantially the same in both actions.

**C. Federal Probate Exception**

---

[2] At the Summary Judgment stage, Steven may not rest upon the allegations in his Complaint and will need to demonstrate the inadequacy of the will contest by specifically pointing to assets that are outside the probate court's jurisdiction.

4

Susan argues that the probate exception to federal jurisdiction applies in this case. [Dkt. 13 at 9]. The probate exception, along with the domestic relations exception, is a judicially created doctrine that limits federal jurisdiction. *Marshall v. Marshall*, 547 U.S. 293, 299 (2006). In *Marshall*, Vickie Lynn Marshall[3] filed a claim in bankruptcy court against Pierce Marshall, the son of her late husband J. Howard Marshall, for intentional interference with a gift. *Id.* at 300. Both the bankruptcy court and later the district court entered a judgment in favor of Vickie on her tortious interference claim. *Id.* at 301-304. The Ninth Circuit Court of Appeals, however, reversed holding that the probate exception reached both direct challenges to a will or trust and claims that "raise[]'questions which would ordinarily be decided by a probate court in determining the validity of the decedent's estate planning instrument,' whether those questions involve 'fraud, undue influence, or tortious inference with the testator's intent.'" *Id.* at 304 (quoting *In re Marshall*, 392 F.3d 1118, 1133 (9th Cir. 2004)).

In reversing the Ninth Circuit decision, the Supreme Court interpreted the probate exception narrowly, applying it only to situations involving the probate or annulment of a will, the administration of an estate, and to situations where the federal courts would be disposing of property that is in the custody of the probate court. *Id.* at 311-12. According to the Court, the probate exception does not bar federal courts from adjudicating other matters outside these confines and otherwise within the court's jurisdiction. *Id.* at 312.

Here, Steven's claim does not involve the probate or annulment of the will, nor does it involve the administration of his father's estate. This Court would also not be disposing of assets in the custody of the probate court because this action is against Susan personally and seeks compensatory and punitive damages. Thus, the probate exception is not a bar to Steven's claims.

**D. Abstention**

---

[3] Marshall was more commonly known as Anna Nicole Smith.

Lastly, Susan argues that this Court should abstain from exercising jurisdiction. [Dkt. 13 at 13]. Under narrow circumstances, a district court may abstain from hearing a case. *See Colorado River Water Conserv. Dist. v. United States*, 424 U.S. 800, 813 (1976). Abstention, however, "is an extraordinary and narrow exception to the duty of a District Court to adjudicate a controversy properly before it." *Id*. The gist of Susan's argument for abstention is that the state has a substantial interest in handling probate matters. The Court agrees that the state has a substantial interest in handling probate matters. As discussed previously, however, this case does not involve the probate of the will, nor does it involve the administration of the estate. Therefore, the Court declines to abstain from exercising its jurisdiction in this case.

## IV. Conclusion

For the reasons stated above, the Court hereby **DENIES** Susan's Motion to Dismiss. [Dkt. 12].

Dated: 09/16/2011

Mark J. Dinsmore
United States Magistrate Judge
Southern District of Indiana

Distribution List:

Raegan Mackenzie Gibson
BENESCH, FRIEDLANDER, COPLAN & ARONOFF LLP
rgibson@beneschlaw.com

Richard D. Hailey
RAMEY & HAILEY
rich@rameyandhaileylaw.com

Justin W. Leverton
RAMEY & HAILEY LAW FIRM
justin@rameyandhaileylaw.com

Judy L. Woods
BENESCH, FRIEDLANDER, COPLAN & ARONOFF LLP

jwoods@beneschlaw.com